*SAMUEL CALVERT v. NICHOLAS PEEBLES.

*Bankruptcy—Delay in obtaining Discharge—Fiduciary Debt.*

1. Where there is unreasonable delay on the part of the bankrupt in obtaining his discharge (here five years) the stay of proceedings against him in an action to recover a debt provable in bankruptcy, will not be continued, but judgment may be rendered.

2. A discharge in bankruptcy does not discharge a debt of a fiduciary character.

CIVIL ACTION tried at Spring Term, 1878, of NORTHAMPTON Superior Court, before *Seymour, J.*

*Smith, C. J., did not sit on the hearing of this case.

The plaintiff and others had become sureties on a guardian bond of the defendant, taken by the late county court of Northampton, on the 6th of March, 1865. Suit was brought on said bond against the defendant as principal and the plaintiff and others as sureties, and a large recovery had. Execution was issued on the judgment rendered in the case and about $8,600 collected from the plaintiff, who brings this action to recover the amount so paid by him to the use of the defendant. The cause was continued from term to term until the third Monday in February, 1874, when the defendant suggested his bankruptcy; and it was then continued from term to term until spring term, 1878, of said court, when judgment was rendered in behalf of the plaintiff against the defendant for the sum so paid and interest. From this judgment the defendant appealed. See *Simpson* v. *Simpson, ante,* 332.

*Messrs. Mullen & Moore* and *Willis Bagley,* for plaintiff.
*Mr. R. B. Peebles,* for defendant.

ASHE, J. (After stating the facts.) The defendant insists there was error in the court below in rendering the judgment whilst his proceeding in bankruptcy was depending; that having suggested his bankruptcy on the record, the court was restrained by the 21st section of the bankrupt act from proceeding with the case, and the stay provided for in that section of the act should have been continued until the question of his discharge should be determined; that this was a provable debt, and this amount was not in dispute, and is such an action as comes within the purview of that section.

It is true that section of the act provides that "no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the

debtor's discharge shall have been determined, and any such suit or proceeding shall upon the application of the bankrupt be stayed to await the determination of the court in bankruptcy on the question of discharge." And the construction given to this section is that it applies to state as well as federal courts. If this were all, it would seem that the court below should have continued the stay until the discharge of the bankrupt was either granted or refused. But there is a proviso to that section : "*Provided,* there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge."

This suit was brought to the spring term, 1873, of Northampton superior court, and up to June term, 1878, of said court, the defendant had not obtained his certificate—during a lapse of five years. We think the case comes clearly within the purview of the proviso, and there has been an unreasonable delay on his part in obtaining his discharge ; and, therefore, the court did right in vacating the order of stay and granting the judgment.

The debt is of a fiduciary character, *Carlin* v. *Carlin,* 8 Bush., 141, and though provable will not be discharged by the bankruptcy of the defendant. And as there is no dispute about the amount of the debt, we do not see how he is to be hurt by the judgment, especially after the lapse of five years, for if the stay had been continued he would not have had the right to plead his discharge in bar to the action. The judgment was properly rendered. Let this be certified, &c.

No Error.                          Affirmed.