RUSSELL & ALGER v. PINKNEY ROLLINS.

*Bankruptcy—Delay in obtaining Discharge.*

Unreasonable delay cannot be imputed to a defendant for failing to obtain his discharge in bankruptcy, where it appears that he was prevented from so doing by opposing creditors, and where the record does not show it was his fault that no action was taken in the case for two terms of the district court.

(*Calvert* v. *Peebles*, 80 N. C., 334, cited, distinguished and approved.)

CIVIL ACTION tried at Spring Term, 1882, of BUNCOMBE Superior court, before *Gilliam, J.*

This action was commenced before a justice of the peace and founded upon an account for goods sold. The case discloses the following facts: On the 30th of August, 1878, the defendant was adjudged a bankrupt upon his own petition, and at the next term of the superior court thereafter, there was a suggestion of bankruptcy, and further proceedings in the cause were stayed until spring term, 1882. He filed a petition for discharge on the 2nd of September, 1879, and in November following some of the creditors filed specifications opposing his discharge. At November term, 1880, of the United States district court at Asheville, the cause was remanded to the register in bankruptcy for the examination of the bankrupt, and on the 10th of January, 1881, he appeared before the register and amended his schedule. At May term and November term of the said district court, the cause was continued without any further action. And when it was called at spring term, 1882, of the superior court, a suggestion of bankruptcy was made, and His Honor ruled that defendant had had a reasonable time in which to obtain his discharge, and ordered him to trial. The jury rendered a verdict for the plaintiff, judgment, appeal by the defendant.

*Mr. S. H. Reed,* for plaintiffs.
*Messrs. C. A. Moore* and *H. B. Carter,* for defendant.

ASHE, J. It was insisted on the part of defendant in the court below, that His Honor erred in submitting his case to the jury when it was called for trial. He contended that by the 21st section of the Bankrupt Act, the court had no right to put his case to the jury until he had obtained his discharge, he having suggested his bankruptcy upon the record.

That section of the act provides " that no creditor whose

debt is provable under the act, shall be allowed to prosecute to final judgment any suit in law or in equity therefor against the bankrupt, until the debtor's discharge shall have been determined, and any such suit or proceeding shall upon the application of the bankrupt be stayed to await the determination of the court in bankruptcy on the question of discharge; provided, there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge."

So that the only question presented for our determination is—was there unreasonable delay on the part of the defendant in endeavoring to obtain his discharge, or in the language of His Honor, "had he had reasonable time in which to obtain his discharge?" which we take to mean a reasonable time under the circumstances of the case.

We are of the opinion the ruling of His Honor was not warranted by the facts found. In the case of *Calvert* v. *Peebles*, 80 N. C., 334, it was held that the lapse of five years after filing the petition in bankruptcy before obtaining the discharge, was unreasonable delay; in that case there was no explanation or excuse given for the delay; but here, it appears the defendant filed his petition on the 30th of August, 1878, and was adjudged a bankrupt, and at the ensuing term of the superior court suggested his bankruptcy, which stayed the proceedings until spring term, 1882. On the 2nd of September, 1879, he filed his petition for his discharge, and in November following some of the creditors filed specifications opposing his discharge. At November term, 1880, of the United States district court, the cause was remanded to the register in bankruptcy for the examination of the defendant, and on January 10, 1881, he appeared before the register and amended his schedule. There was no *unreasonable* delay up to that time. The defendant seems to have been diligently exerting all his endeavors to obtain

his discharge, and was only prevented by the obstacles thrown in his way by others.

But it may be objected that after amending his schedule he relaxed in his endeavors to obtain his discharge, for that, two terms of the district court had been allowed to pass before the trial term of the superior court, without any further action having been taken in his case. That is true; but it was only eleven months from the time of amending his schedule until the spring term, 1882, and there is nothing in the record to show that it was his fault that no action had been taken in the cause in the two intervening terms of the district court. We can well imagine how many hindrances to a determination of his case may have occurred at those terms of the court, without any laches on the part of the defendant—continuances, for instance, for the want of readiness on the part of his opposers; the absence of testimony, or the want of time owing to a crowded state of the docket. We are not informed how that was, but do not think the defendant should be charged with *unreasonable* delay for the failure to bring his case in bankruptcy to a determination at either of those terms of the district court, when we find that up to the first of them he had been using all his endeavors to obtain his discharge. We do not undertake to say how it would have been, if it had been shown that his failure to obtain his discharge had been caused by his fraud or inexcusable negligence.

Error.                                    *Venire de novo.*