## PYLES v. BELL.

1. Fifteen years after defendant filed his petition in bankruptcy, this action was commenced on a note executed prior to the filing of such petition. *Held*, that defendant had been guilty of unreasonable delay in obtaining his discharge and, therefore, the action could be prosecuted in the State courts.

2. A sealed note was given in 1858, upon which payments were made in 1859, 1863, 1873 and 1874, and action was commenced in 1883. *Held*, that the right of action was kept alive by the credits indorsed, and that the note was not presumed to be paid from the lapse of time.

3. *Semble.* Payments made upon a note after the maker's discharge in bankruptcy would not constitute such new promise to pay as would revive the discharged debt.

Before WITHERSPOON, J., Laurens, February, 1883.

This was an action by Permelia F. Pyles, as executrix of Newton Pyles, deceased, against W. B. Bell. The opinion states the case.

*Mr. J. W. Ferguson,* for appellant.

Under the terms of the bankrupt act of 1867, section 21, this action should have been dismissed. 1 *Bank. Reg.* 125, 165; 4 *Id.* 156; 5 *Id.* 125; 7 *How.* 627; 45 *Miss.* 209; 8 *S. C.* 315; 5 *Id.* 515. As touching the original contract, the bankrupt court having assumed jurisdiction, action in the State court should have been dismissed or stayed. 9 *Wheat.* 532; 10 *How.* 56; 10 *S. C.* 433. There is no proof of negligence. The testimony is that he applied for his discharge, but has never received it. The question may now be under consideration in that court. If these positions are correct, then action can be maintained only on a new promise, or new contract. Part payment is only evidence of a new promise. 15 *Rich.* 375; 18 *Wall.* 1; 11 *Pa.* 364. Action on the new promise was barred in six years. *Hilliard Bankr.* 265.

*Messrs. Holmes & Simpson,* contra.

This court did have jurisdiction, there having been unreasonable delay by the bankrupt. 80 *N. C.* 334; *Bump Bankr. Pr.* 356, 185, 701 and notes. This is not an attempt of the State court to reach property in the bankrupt court. *Bump Bankr. Pr.* 356. The State court must determine whether the right of action has again accrued to the plaintiff. 1 *La. Ann.* 75. Payments made by the bankrupt would revive the debt. 16 *S. C.* 216; 4 *Den.* 225; 53 *N. Y.* 521; *Lalor Supp. Hill. & D.* 371; 1 *Doug.* 192; 12 *N. Y.* 635.

February 18th, 1884. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This action was commenced January 8th, 1883, for the balance of a sealed note, given by the defendant and one J. H. Bell, as surety, to Newton Pyles, testator of the plaintiff, on July 30th, 1858, for $1,000. The following credits appeared indorsed on the note, the last two in the handwriting of the defendant: February 3d, 1859—$165.52; April 24th, 1863—$106.95; September 8th, 1863—$162.42; March 12th, 1873—$49.77, and January 1st, 1874—$203.92, leaving a balance still due. The defense was that the defendant was declared a bankrupt in the United States Court in 1868, and that the note had been proved in bankruptcy by Newton Pyles, payee, in his life-time, and that the defendant, never having been discharged, is still in bankruptcy and the action should be " stayed " under the bankrupt law. He also pleaded that the plaintiff's cause of action was barred by the statute of limitations, not having arisen within six years previous to the commencement of the action.

Upon the trial, it appeared that the defendant was adjudged a bankrupt on his own petition in 1868; that this note of Newton Pyles was proved before the register, C. G. Jaeger, Esq., and that Bell had applied for his discharge in bankruptcy, but never received the same. It also appeared that, afterwards, the defendant, Bell, being engaged in merchandise, Pyles, the testator of plaintiff, went to settle his account with him, $203.92, and asked that it might be credited on the note. " Bell at first refused, saying the note was worthless and that he was in bankruptcy,

but after some conversation agreed to do so on condition that Pyles would trouble him no more about the note." Bell then placed the credit of January 1st, 1874, on the note. Judge Witherspoon held that as the defendant had not, after such a lapse of time, obtained his discharge in bankruptcy, the State court had jurisdiction and overruled the plea of the statute of limitations. The plaintiff had a verdict for the balance upon the note, and the defendant appeals to this court upon the grounds: 1. "Because his Honor erred in holding that the State court had jurisdiction; and 2. Because his Honor erred in ruling that the plaintiff's cause and right of action was not barred by the statute of limitations."

As to the first exception. There can be no doubt that the State court once had jurisdiction of the subject-matter of the action. The parties were citizens of the State and the note was a South Carolina contract. It is true that, when the defendant was declared a bankrupt in the United States Court, the jurisdiction of the State court was suspended during the proceedings in the bankrupt court, and if the bankrupt had been there discharged, that discharge would have been a bar to all proceedings to collect the note in the State court. But this assumption of jurisdiction by the United States Court, and the consequent suspension of that of the State, was for the purpose of enabling that court to dispose of the matters of bankruptcy without embarrassment, and upon the faith that it would exercise reasonable diligence in proceeding with the business to final judgment. Otherwise, the simple act of going into bankruptcy would, without further proceeding or any division of the assets, operate as a perpetual injunction against all creditors.

Section 21 of the bankrupt act of March, 1867, provides as follows: "Suits at law or in equity shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of discharge, provided there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge. *Rev. Stat.*, § 5106. We suppose that the question of what is "unreasonable delay," under this provision, must be determined by the State court, which, but for the stay from the bankrupt court, would have jurisdiction. So

far as known to us, there is no case in our reports upon the subject, but it seems to have been held in North Carolina that a delay of five years was "unreasonable." The court say: "When there is unreasonable delay on the part of the bankrupt in obtaining his discharge, as here, five years, the stay of proceedings against him in an action to recover a debt provable in bankruptcy, will not be continued, but judgment may be rendered." *Calvert* v. *Peebles*, 80 *N. C.* 334; *Bump Bankr. Pr.* 185, 356, 701 and notes.

In this case it was fifteen years after the defendant went into bankruptcy before this action was brought in the State court, and as no discharge was obtained in that time, we cannot say that it was error to hold the delay "unreasonable," and that the original jurisdiction of the State court re-attached, as if there never had been any proceedings in the bankrupt court. The bankrupt act has been repealed, and the proceedings may be regarded as abandoned.

The statute of limitations, as such, has no application to the case. The action was not brought on any new parol promise, but on the original sealed note itself, and at the time it was executed, in 1858, there was in this State no statute of limitations as to bonds or notes under seal; but, in the absence of such a statute, the courts held that there was a presumption of payment at the end of twenty years, if there had been no fact going to show that the debtor acknowledged the debt to be in existence within that time. *Willingham* v. *Chick*, 14 *S. C.* 95. We may say, in passing, that if the defendant had been discharged in bankruptcy, and this action had been upon an alleged new promise to pay the note after it was discharged, we agree with the defendant's attorney, that the simple payments on the note would not have been sufficient to make out that "clear, distinct and unequivocal promise to pay" which has been held necessary to revive a debt discharged by the discharge of the debtor under the bankrupt act. *Allen & Co.* v. *Ferguson*, 18 *Wall.* 1. But in this case the bankrupt was never discharged, and, the action being on the original sealed note, the only question was, whether it should be presumed to be paid from lapse of time, the note

having been given in 1858, and the action not brought until 1883—twenty-five years thereafter.

In reference to the presumption of payment arising from the lapse of twenty years, it has been held that the presumption is not one of law, and therefore conclusive, but one of fact, which may be rebutted by acknowledgments in analogy to the principles regulating admissions to take a case out of the statute of limitations. *Stover & Barnes* v. *Duren,* 3 *Strobh.* 450. In regard to the statute of limitations the rule is well settled, that after the debt is barred nothing short of an express promise, or what is equivalent to such promise, will suffice to take a case out of the statute; but before the bar of the statute is complete, mere acknowledgments, as shown by part payments or otherwise, are sufficient to keep the original debt alive by giving at each acknowledgment a new starting point for the running of the statute. *Rucker* v. *Frazier,* 4 *Strobh.* 94; *Lomax* v. *Robertson, Dudley* 367; *Bowdre* v. *Hampton,* 6 *Rich.* 212.

Now, apply these principles to the presumption of payment of the sealed note in this case, as if twenty years had been expressly declared by statute to be a bar. Counting from the date when the note fell due, and thence successively from each payment, had twenty years expired at any of the periods when payments were made, or at the time the action was brought? They certainly had not expired when the first payment was made, in 1859, nor at the time the second and third were made, in 1863, nor when the two last payments were made, in 1873 and 1874, after the defendant had filed his petition in bankruptcy, nor when the action was brought, in 1883. The payments, though possibly not sufficient to revive a debt already barred, were enough as acknowledgments to keep alive a debt which was never barred.

The judgment of this court is that the judgment of the Circuit Court be affirmed.