## WILLOUGHBY v. STEVENS.

(Filed March 24, 1903.)

1. DEMURRER—*Judgment—Estoppel—Ejectment.*

   Where a demurrer goes to the merits of an action (here ejectment)
   judgment sustaining it is conclusive upon the parties, and will
   bar another action for the same cause.

2. JUDGMENT—*Demurrer—Amendment—Ejectment.*

   Where a final judgment on the merits of a case is rendered on demur-
   rer, the fact that the trial court permits the plaintiff to amend
   his complaint does not affect the conclusiveness of the judgment.

ACTION by Emory Willoughby against M. A. Stevens,
heard by Judge *W. S. O'B. Robinson* and a jury, at May
Term, 1902, of the Superior Court of ROBESON County.
From a judgment for the defendant, the plaintiff appealed.

*R. E. Lee,* for the plaintiff.

*McIntyre & Lawrence,* and *McLean & McLean,* for the
defendant.

CONNOR, J.   This was an action of ejectment, plaintiff claiming title to a tract of land, a description of which is set out in the complaint by metes and bounds, and by way of further description he says: "The said land being a part of a tract containing 640 acres granted by patent to Abram Barnes and surveyed by Robert Edwards, the 5th of November, 1774, and by the said Barnes conveyed by deed to William Hawthorne, then from said Hawthorne to Gilbert Brumble, and from said Brumble to Joel Britt, Sr., and from Joel Britt, Sr., to John Britt."

The defendant denied that the plaintiff was the owner of the land, and for further answer alleged that he was the owner, setting out his claim of title, by which it appeared that he claimed under a deed executed by Joel Britt, Sr., and wife to Enoch Rogers and by *mesne* conveyances to himself. For further defence he alleges that the plaintiff claims title to said land under the deed of John McN. Britt, dated November 28th, 1899, duly recorded; that the said John McN. Britt instituted on October 9th, 1880, a suit in the Superior Court of Robeson County against the said Joel Britt, Sr., and Enoch Rogers, in which he claimed that he was the owner in fee of the land described in the complaint, claiming title thereto as the only heir at law of John Britt, deceased, to whom, as he alleged, Joel Britt, Sr., conveyed said land by deed dated 19th February, 1862, being the same conveyances referred to in article 1 of the complaint herein, and thereafter in said action, the defendants, Joel Britt and Enoch Rogers, joined issue with the said John McN. Britt upon demurrer to the complaint filed, a copy of said complaint and demurrer being attached to the answer.   That upon the issue joined as aforesaid the following judgment was rendered in said Superior Court, at Spring Term, 1882: "This action having been brought to trial upon the complaint and demurrer thereto, before his Honor, W. M. Shipp,

judge presiding, at Spring Term, 1882, of the Superior Court of Robeson County, and it appearing to the court that the defendants are entitled to judgment upon the demurrer, it is now, on motion of French & Norment, counsel for defendants, adjudged that the said demurrer be sustained and the defendants have judgment for costs. Leave to plaintiffs to amend complaint."

That both plaintiff and defendant in this action are privies to plaintiff and defendants in said former action and are estopped by the judgment therein.

His Honor was of the opinion that the plaintiff was estopped by said judgment and rendered judgment for the defendant. Plaintiff appealed.

The only question presented for our consideration is his Honor's judgment in regard to the estoppel. It is not denied that the land in controversy is the same land which was in controversy in the case of John McN. Britt against Joel Britt, or that the plaintiff therein claimed as the heir at law of John Britt, who claimed under the deed from Joel Britt, Sr., or that Joel Britt, Sr., is the identical person under whom the defendant claims *in this* title.

The plaintiff contends that the judgment rendered by Judge Shipp was not such a judgment as works an estoppel; that it did not pass upon and determine the merits of the controversy. This court has held in the case of *Johnson v. Pate,* 90 N. C., 334, that a judgment upon a demurrer may be a judgment upon the merits, and its effect is as conclusive as though the facts set forth in the complaint were admitted by the parties or established by evidence submitted to the jury. The plaintiff in the former action set out in full his title, making the deed under which his ancestor claimed a part of his complaint, thus writing into his complaint the deed. The defendants by their demurrer admitted every fact set forth in the complaint and demurred thereto upon

the ground that it appeared from the facts of the complaint:
(1) That the deed from Joel Britt, Sr., to John Britt conveyed only a life estate. (2) That the said John Britt died before the commencement of the action. The pleadings thus presented to the court every fact material to and upon which the plaintiff relied in that action for his recovery, and upon such facts the court declared that as a matter of law, the plaintiff was not the owner of the land and could not recover.

We think this a judgment upon the merits. It is true that the judge gave to the plaintiff leave to amend his complaint, but we do not think that this in any manner affected the force and effect of the judgment. It is evident that the plaintiff had set forth his title and that he could not by amendment change or in any manner affect his status in respect to the land. We think that the language used by Smith, C. J., in *Johnson v. Pate, supra,* is directly in point in this case. The court says: "Recurring to the complaint in the former case, it asserts particularly a title vesting in the plaintiff in these lands and a consequent right to have possession. The averment the demurrer admits and the effect is the same as if they had been controverted and found upon issues passed upon by a jury."

This position is fully sustained by the authorities cited in the plaintiff's brief. In 6th Enc. Pl. & Pr., 369, a distinction is pointed out and it is said: "When a demurrer goes to the merits of the action, judgment sustaining it is conclusive upon the parties, and will bar another action for the same cause, but when it goes only to matters of form it does not have this effect." See also Black on Judgments, Sec. 707; Freeman on Judgments, Sec. 267; Bigelow on Estoppel, p. 33.

We do not think that these authorities conflict with those cited in the defendant's brief. The cases therein cited are

distinguishable from the principle upon which the judgment in this action is rendered.

We think his Honor correctly instructed the jury, and the judgment rendered by him must be

Affirmed.