JAMES MARSH v. THE ATLANTIC COAST LINE RAILROAD
COMPANY.

(Filed 20 October, 1909.)

1. Judgments of Other States—Estoppel.

By virtue of the Constitution of the United States and Acts of
Congress in pursuance thereof, the judgments of the courts of
other States are put upon the same footing as domestic judg-
ments.   Therefore, a judgment of such other courts, standing
unreversed, in the absence of fraud or lack of jurisdiction, bars
a recovery of the same cause ·of action subsequently brought in
the courts of this State.

2. Judgments of Other States — Pleadings — Demurrer — Merits —
Estoppel.

A general demurrer to the merits of the cause of action alleged
in the complaint is an admission of all matters of fact well
pleaded, and a judgment of a court of competent jurisdiction of
another State sustaining such a demurrer, in the absence of
fraud, will bar recovery for the same cause of action brought in
the courts of this State.

3. Same—Additional Allegations.

When a former judgment of a court, standing unimpeached,
sustaining a demurrer to a complaint, is pleaded in bar of
recovery, and it appears that every phase and essential feature
of the controversy has been set out, that the cause and the parties
are the same, a position that certain material facts stated in the
pending action were not set out in the former one, cannot be sus-.
tained.

APPEAL from *W. J. Adams, J.,* February Term, 1909, of CUM-
BERLAND.

It appeared in evidence that, on or about 28 May, 1904, the
plaintiff, with other hands, was engaged in constructing a depot
for defendant company at Nocatee, in De Soto County, Florida,
either directly or under a contractor employed for the purpose;
that the old depot building, situate near the new one, was a struc-
ture placed on pillars several feet above the ground, and the
workmen employed and engaged as ,aforesaid kept their tools
under the old building, and were accustomed at the noon interval
to go under the old building to eat their midday meal; that the
space under the old building was the only place near available
for the purpose for which it was used by the workmen, and same
was so used with the knowledge and consent of the defendant
company; that on the occasion in question there was a box car
standing on the railroad side track, and a gangplank left by de-
fendant's agent and employee, extending from this car to the
platform, and while plaintiff and the other hands were under the
old building at the noon hour, and there with the consent and

knowledge of defendant company, that said defendant, through its agents and employees, negligently backed a train against the box car on the siding and continued to move the car backwards, and the gangplank which was resting upon it, until said gangplank became in some way wedged or jammed between the car and the platform, chiefly by reason of the position of a signal post standing in the space, and in this way the old depot building was pushed from the pillars and caused to fall on plaintiff, doing him serious and permanent injury; that soon thereafter, to-wit, in December, 1904, plaintiff instituted an action against the defendant company in the Circuit Court of the Sixth Judicial Circuit, De Soto County, Florida, a court having jurisdiction of the parties and the cause, and filed his complaint therein, stating the facts of the occurrence and demanding damages in the sum of $20,000 for injuries caused by "the gross negligence and carelessness on the part of defendant's agents, servants and employees." To the complaint filed, the defendant company interposed a demurrer, and, the demurrer having been sustained, the plaintiff, by leave of court, filed an amended complaint, and a demurrer to the amended complaint was sustained, with further leave to amend, and like action was taken on a second and third amendment; the demurrers to the first, second and third amended complaints being expressly to the merits of plaintiff's cause of action; the judgment of the Circuit Court of Florida, sustaining the demurrer to the third amended complaint, being as follows:

"The above matter coming on to be heard upon the demurrer to the third amended declaration, the same having been set for argument by the plaintiff, and the court being of the opinion that the said demurrer should be sustained and that judgment thereon be rendered for the defendant, it is thereupon, upon consideration thereof, ordered and adjudged that the said demurrer be sustained and that the defendant do go hence without day, and that the defendant do have and recover from the plaintiff its cost in its behalf expended."

So far as appears, there was no exception noted nor appeal taken from this judgment; and afterwards, to-wit, in May, 1906, plaintiff instituted the present action for the alleged injury in Superior Court of Cumberland County, and, having filed his complaint, the defendant interposed a demurrer, and, this having been overruled, the defendant answered, denying the allegations of negligence, and in apt terms pleading the judgment rendered and in force in the Florida Circuit Court in bar of further proceedings against it. On issues submitted, addressed to the question, the court held that the proceedings and judgment in the Florida court, if established as alleged, would operate as a bar

to any further prosecution of plaintiff's demand, and charged the jury, if they believed the evidence, they would answer the issue in favor of defendant.

.Verdict for defendant; judgment on verdict, and plaintiff excepted and appealed.

*H. McD. Robinson, Sinclair & Dye, Terry Lyon* and *Neill C. Marsh* for plaintiff.
*Rose & Rose* for defendant.

Hoke, J., after stating the case: There is no error in the disposition made of this case in the court below. As applied to domestic judgments, it is a principle universally recognized that when a court has jurisdiction of a cause and the parties, and on complaint filed, a judgment has been entered sustaining a general demurrer to the merits, such judgment, while it stands unreversed and unassailed, is conclusive upon the parties and will bar any other or further action for the same cause. *Willoughby v. Stevens,* 132 N. C., 254; *Johnston v. Pate,* 90 N. C., 334; *Alley v. Nott,* 111 U. S., 472; *Gould v. Railroad,* 91 U. S., 526. And in *Miller v. Leach,* 95 N. C., 229, and in other decisions we have held—and this ruling, too, is in accordance with accepted doctrine—"that, by virtue of the Constitution of the United States, and acts of Congress in pursuance thereof, the judgments of other States are put upon the same footing as domestic judgments. They are conclusive of all questions involved in them, except fraud in their procurement, and whether the parties were properly brought before the court."

As far as appears, the judgment of the Florida court relied on by defendant stands unreversed; there is no suggestion either of fraud or lack of jurisdiction, and, under the authorities cited, the plaintiff is barred of recovery on the cause of action set forth in his complaint, if it be conceded that a good cause of action is stated.

It is contended on the part of the appellants that the law favors trials on the merits, and "that a former judgment will not operate as a bar to a subsequent suit upon the same cause of action unless the proceedings and judgment in the first case involved an investigation (or afforded full legal opportunity for an investigation) and determination of the merits of the suit. Or, as otherwise expressed, the judgment must be upon the merits in a competent action, the plaintiff having sued in his proper character and the pleadings having been correct." This may be taken as a very correct statement of a general principle, but, on the facts presented, its application is against appellant. The

very question decided in the cases referred to is that a hearing on a general demurrer to the merits "affords this legal opportunity for investigation." And a judgment sustaining such demurrer, while it stands unreversed and unquestioned, is as final and conclusive on the facts thereby admitted as if such facts had been considered by a jury and established by its verdict.

Thus, in *Johnston v. Pate, supra*, it was held: "That a judgment rendered upon a demurrer is as conclusive by way of estoppel as a verdict finding the facts confessed would have been," and *Chief Justice Smith*, delivering the opinion, said:

"1. The rule is well settled that demurrer to the merits of a complaint or other pleading overruled and followed by a final judgment is decisive of all the material facts charged and of the rights dependent upon them.

" 'A judgment upon demurrer,' says Mr. Freeman, in his work on Judgments, sec. 267, 'may be a judgment upon the merits. If so, its effect is as conclusive as though the facts set forth in the complaint were admitted by the parties or established by evidence submitted to the jury. No subsequent action can be maintained by the plaintiff if the judgment be against him on the same facts stated in the former complaint.'

" 'A judgment rendered upon a demurrer,' in the language of the court, in *Mispel v. Laparte*, 74 Ill., 306, 'is equally conclusive (by way of estoppel) of the facts confessed by the demurrer as a verdict finding the same facts would have been, since they are established, as well in the former case as in the other; and facts thus established can never afterwards be contested between the same parties or those in privity with them.'

" 'A general demurrer confesses all matters of fact well pleaded. Mansel Demr., 94; 24 Law Lib., 63; Big. Est., 33; Gould on Plead., pp. 43, 44; *Wilson v. Perry*, 24 Ind., 156."

It is further urged that some material facts are stated in the complaint as filed in the suit in this State which did not appear in the Florida pleadings, but we do not think this position can be sustained. In the pleadings filed in the Circuit Court of Florida the plaintiff sets forth with great fullness of detail every phase and essential feature of the occurrence. The cause and the parties are the same. The Florida court had jurisdiction of both, and the ruling of his Honor below, holding the judgment of that court an estoppel in bar of plaintiff's demand, must be

Affirmed.