LOUIS GOODMAN v. A. J. ROBBINS.

(Filed 27 October, 1920.)

1. Pleadings—Contracts to Convey Lands—Mistake—Fraud—Equity.

The defense to an action to enforce specific performance of a contract to convey land, that there was a mistake made therein, or that the plaintiff had fraudulently and materially changed it, is an equitable one, and it is necessary to be pleaded in order to be shown by the evidence.

2. Deeds and Conveyances—Contracts— Descriptions— Evidence— Parol Evidence—Maps—Plats.

A description in a contract to convey land, "Farm No. 19,020, in block No. ........ of the tract of land subdivided into tracts containing 55 and 56 acres belonging to Louis Goodman and known as the Swain land," is sufficiently definite to admit of parol evidence of identification, and the registration of the map thereof is immaterial.

CIVIL ACTION, tried before *Guion, J.,* at Special June Term, 1920, of BRUNSWICK.

From a verdict and judgment for the plaintiff the defendant appealed.

*E. K. Bryant, George H. Howell, Joseph W. Ruark, and C. Ed. Taylor for plaintiff.*
*Robert W. Davis and Robert Ruark for defendant.*

BROWN, J.  This action is brought by the plaintiff to compel the defendant to specifically perform three contracts for the purchase of land. The plaintiff alleged that the defendant purchased at auction sale the

lands described in the complaint and after purchasing them he executed the contracts.　To this the defendant made only a general denial, and did not allege the contracts were the result of a mutual mistake, or that they had been materially changed after he had signed them.　The defendant admitted bidding in the land and signing the contracts, and his defense was a mistake, and that the plaintiff had fraudulently materially changed the contracts.

When evidence was offered of mistake and fraud, the plaintiff objected upon the ground that no such defense was set up in the defendant's answer, and such defenses must be pleaded before evidence of this character would be admissible.　The court excluded the evidence, and the defendant excepted. ·

His Honor's ruling was correct; an equitable defense such as was offered in this case must be pleaded. ` McLaurin v. Cronly, 90 N. C., 50; Locklear v. Bullard, 133 N. C., 260; Rountree v. Brinson, 98 N. C., 107.

It is contended that the description in the three contracts is insufficient to warrant the admission of parol evidence.　The descriptions are very similar.　We will give only one: "Farm No. 19,020, in block No. ......, of the tract of land subdivided into tracts containing 55 and 56 acres belonging to Louis Goodman, and known as the Swain land."　We are of opinion that this description is sufficiently definite to enable the land to be located.　Id certium est quod certium reddi potest.　Simmons v. Spruill, 56 N. C., 9; Farmer v. Batts, 83 N. C., 387; Rev., 948; Holmes v. Sapphire Co., 121 N. C., 410; Moore v. Fowle, 139 N. C., 51; Ward v. Gay, 137 N. C., 397. `

The fact that the map was not registered is immaterial.　Collins v. Land Co., 128 N. C., 565.

Affirmed. .