A. G. SWAIN AND ROBERT L. SWAIN v. LOUIS GOODMAN, A. J. ROBBINS, ET AL.

(Filed 17 May, 1922.)

1. Judgment—Demurrer—Pleadings—Estoppel.

A judgment for defendant upon his general demurrer to the pleadings, not appealed from, is an estoppel as to the cause of action set up in the pleadings, and as effective as if the issuable matters arising from the pleadings had been established by verdict.

2. Same—Mortgages—Sales—Purchase by Mortgagee—Parol Promise— Statute of Frauds.

*Semble*, a judgment in a former action brought for the alleged unlawful acquisition of the mortgaged premises by the mortgagee, under the power of sale, estops the mortgagor in his subsequent action upon an alleged promise of the mortgagee to sell so much of the lands as necessary to satisfy the mortgage and reconvey the remaining part to the mortgagor : *Held*, the former judgment is an estoppel of all matters therein issuable, and a parol agreement to thus satisfy the mortgage debt is void within the intent and meaning of the statute of frauds.

3. Deeds and Conveyances—Trusts—Parol Trusts—Contracts—Evidence.

Where, in adjustment of their dealings, a mortgagor has conveyed to the mortgagee by absolute deed a part of the mortgaged premises, and the rights and equities growing out of the relationship has been concluded by judgment of a court having jurisdiction, the mortgagor may not set up a parol trust in his favor in contravention of his own written deed. *Gaylord v. Gaylord*, 150 N. C., 222, cited and applied.

4. Injunction — Courts — Discretion— Appeal and Error—Continuance Pending Appeal—Statutes.

Under our recent statutes, the Superior Court Judge, in his discretion, may decide adversely to the plaintiff's application for an injunction, and continue the restraining order pending appeal, on plaintiff's giving adequate security.

APPEAL by plaintiff from *Connor, J.,* at the Fall Term, 1921, of BRUNSWICK.

Civil action, heard on return to preliminary restraining order.

The action is to establish and declare defendants trustees of certain lands, covered by a mortgage executed by plaintiffs, and for an account and adjustment of sales of said property made by defendant, Louis Goodman, who had obtained an absolute deed for a good portion of the property included in the mortgage, and while, in effect, the relationship of mortgagor and mortgagee existed between them. There was judgment dissolving the restraining order, and plaintiffs excepted and appealed.

*John D. Bellamy and Lorenza Medlin for plaintiffs.*
*E. K. Bryan, J. W. Ruark, and C. Ed. Taylor for defendant.*

HOKE, J. From the pleadings and facts in evidence, it appears that plaintiffs and one D. L. Swain owned a large body of land in said county, and on 30 October, 1913, D. L. Swain sold his interest therein to plaintiffs, taking therefor $3,500 in payment, secured by a mortgage on property, with power of foreclosure by sale. Thereafter, and before maturing of the note, D. L. Swain assigned and indorsed the mortgage and note to defendant Louis Goodman. That on plaintiff's failing to pay said indebtedness, defendant Goodman, as assignee and holder, undertook to foreclose the said mortgage by exercise of the power of sale, buying in said land through an agent.

The foreclosure being ineffective because the assignment under which defendant held the note and mortgage did not confer such power, *Williams v. Teachy,* 85 N. C., 402, plaintiffs and said Goodman conferred together about further procedure, and it was agreed that in settlement of the controversy between them defendant would convey to plaintiffs, in absolute ownership, fifty acres of said land, and plaintiffs would convey in fee the absolute ownership of the remainder. Pursuant to such agreement, these deeds were executed, the deed to plaintiffs including the dwelling-house and other improvements, and in amount fifty-four acres, and plaintiff, by absolute deed, conveyed to defendant the remainder of the property. That Goodman thereafter divided up the land so conveyed to him into smaller lots and parcels, and had one or more sales of same, plaintiffs being present and bidding for some of the lots, and one of them was bought by defendant A. J. Robbins, who declined to comply with his bid. Defendant Goodman instituted suit and obtained a judgment ordering a sale of land and appointing defendants E. K. Bryan and C. Ed. Taylor commissioners for the purpose, which said decree and judgment was affirmed on appeal to Supreme Court, see *Goodman v. Robbins,* 180 N. C., 239. The opinion having been certified

down, the commissioners were proceeding to execute the order of sale when present plaintiffs instituted an action against Goodman, Robbins, Bryan, and Taylor, the defendants also in the instant suit, in which they set forth the facts and deeds by which Goodman claimed the absolute title, alleging that such claim was wrongful and fraudulent, in that Goodman, while occupying, in effect, the position of mortgagee, had taken advantage of his position to force an unconscionable bargain on plaintiffs, and prayed judgment, among other things, that Goodman be declared mortgagee of said lands, subject to account for all sales made by him, and that after payment of the amount due defendant on the original note and mortgage, that plaintiffs be declared owner of the lands remaining unsold, and, in addition, recover of defendant any and all moneys received from sales and from rents of the property, not required to pay the mortgage debt, etc.

Defendant Goodman having fully answered, setting up the entire facts of the transaction, at September Term, 1921, of the Superior Court of Brunswick County, the jury having been empaneled, there was a demurrer *ore tenus,* for want of equity in the bill, and said demurrer was sustained and judgment entered dismissing the action. Thereupon, plaintiffs instituted the present action, setting up substantially the same facts as appeared in the pleadings in the suit just ended, with the additional averment that at the time plaintiffs made to defendant Goodman an absolute deed for the residue of the property, defendant agreed that he would sell off said land, and on payment of the debt actually due on the original purchase-money note, he would reconvey to them the residue, and that by reason of said agreement, plaintiffs having sold enough of said lands to fully satisfy said debt, a trust arises in plaintiffs' favor, and pray judgment that defendant be declared a trustee for use and benefit of plaintiffs for all of the land remaining unsold, etc.

To this complaint defendant fully answered and, on oath, set up the facts as contained in the former suit, and further pleading the judgment in said suit as an estoppel, and also the statute of frauds, requiring contracts concerning land to be in writing. And on these pleadings, and the facts admitted therein, the court, as stated, entered judgment refusing to continue the restraining order prayed for by plaintiffs.

It is the recognized principle that a judgment for defendant on a general demurrer to the merits, where it stands unappealed from and unreversed, is an estoppel as to the cause of action set up in the pleadings, as effective as if the issuable matters arising in the pleadings had been established by a verdict. *Bank v. Dew,* 175 N. C., 79, citing *Marsh v. R. R.,* 151 N. C., 160. The judgment sustaining the demurrer in the former action, therefore, should conclude the plaintiffs as to any and all claims or causes of action arising to them by reason of the alleged

fraud or imposition growing out of or dependent on the relationship of mortgagor and mortgagee, or defendant's liability to account by reason of such relationship. *Coltrane v. Laughlin,* 157 N. C., 287; *Propst v. Caldwell,* 172 N. C., 594; *Ferebee v. Sawyer,* 167 N. C., 203; *Tyler v. Capehart,* 125 N. C., 64. And as the promise now relied upon to account for proceeds over and above the mortgage debt is no more than the law would have exacted as a result of the successful maintenance of the former action, it would seem that the judgment on the demurrer in said action would operate as a complete estoppel in the present case.

But whether this be true or not, the judgment in the former case should assuredly be held to estop plaintiff as to all allegations of fraud and liability to account, by reason of the relationship of mortgagor and mortgagee. This being true, plaintiff's present action is necessarily restricted to a demand or claim arising out of his parol promise to reconvey the residue of the land when the mortgage debt had been satisfied. Under our decisions such a claim is clearly disapproved as being in direct opposition to the terms of plaintiff's written deed, and in contravention of our statute of frauds, appertaining to the subject. *Chilton v. Smith,* 180 N. C., 472; *Williamson v. Rabon,* 177 N. C., 306; *Gaylord v. Gaylord,* 150 N. C., 227.

It may be noted that although making an adverse decision on plaintiff's application for an injunction, his Honor, in the exercise of the discretion conferred upon him by the law, continued the restraining order pending the appeal in the cause, on plaintiff's giving adequate security, a course permitted by a recent statute appertaining to the subject, Laws of 1921, ch. 58.

We find no error in the record, and on the facts as now presented this will be certified that the plaintiff's cause of action be dismissed.

Affirmed.