STATE OF NORTH CAROLINA v. STANDARD OIL COMPANY OF NEW JERSEY, GULF REFINING COMPANY, THE TEXAS COMPANY, SINCLAIR REFINING COMPANY, THE AMERICAN OIL COMPANY, AND SHELL EASTERN PETROLEUM PRODUCTS, INCORPORATED.

(Filed 12 July, 1933.)

1. **Courts A f—Appeal will not lie from one Superior Court judge to another.**

   A judgment sustaining a demurrer to the complaint for its failure to allege facts sufficient to constitute a cause of action is binding upon another Superior Court judge upon motion to strike out an amendment to the complaint filed under leave of the former judgment.

2. **Appeal and Error C d—Where judgment is not appealed from it is not presented for review on appeal from subsequent order in the cause.**

   Where a judgment sustaining the demurrer for failure of the complaint to state a cause of action is not appealed from, the sufficiency of the complaint is not presented for review upon appeal from a subsequent order striking out an amendment to the complaint filed under leave of the judgment sustaining the demurrer.

3. **Pleadings I a—Motion to strike out amendment held properly allowed, the amendment not being responsive to order allowing its filing.**

   In an action to declare illegal certain lease and commission contracts made by defendants on the ground that they were in contravention of C. S., 2559-2574, relating to monopolies and trusts, judgment was entered sustaining defendants' demurrer to the complaint on the ground that it failed to allege facts sufficient to constitute a cause of action in that a general averment was insufficient and the complaint failed to allege any understanding or agreement between defendants or any specific acts preventing independent competition or specific facts constituting a monopoly, and leave was given plaintiff to file an amendment within a

specified time. There was no appeal from the judgment. Plaintiff filed an amendment to its complaint alleging in general terms an agreement between defendants in restraint of trade. Defendants moved to strike out the amendment on the ground that it was not responsive to the order allowing the amendment: *Held*, the judge of the Superior Court hearing the motion to strike out was bound by the former judgment declaring that a general averment without allegation of specific facts was insufficient to constitute a cause of action, and his order allowing defendants' motion is affirmed.

CLARKSON, J., concurring.

APPEAL by plaintiff from *Cranmer, J.*, at February Term, 1933, of WAKE.

Civil action to declare illegal certain lease and commission contracts made by defendants respectively with various persons, firms, or corporations, under which the latter sell to the public the gasolines and lubricating oils marketed by the several defendants, and to enjoin the defendants, each and all, from further entering into such contracts on the ground that they are in contravention of C. S., 2559-2574, chapter 53, relating to monopolies and trusts.

Separate demurrers were interposed by the several defendants on the grounds (1) that there is a misjoinder of parties and causes; and (2) that the complaint does not state facts sufficient to constitute a cause of action.

At the November Term, 1932, the demurrers were overruled on the first ground and sustained on the second, with leave to amend within 30 days, Judge Sinclair presiding and finding:

"That the complaint alleges facts and circumstances, proof of which upon trial would be competent upon an allegation of an understanding or agreement among the defendants to create a monopoly or to restrain competition in violation of the statute, but that it does not allege any understanding or agreement, tacit or otherwise, by the defendants; neither does it sufficiently allege any specific acts which would of themselves constitute in law prevention of independent competition or amount to restraint in trade or commerce.

"In the absence of some allegation of a common understanding or agreement by the defendants in reference thereto, the business methods and processes in use by the defendants are not inconsistent with the idea of the common use of approved business methods in open competition by the defendants.

"There is no averment of any specific fact or facts, which of themselves would constitute a monopoly or the prevention of competition, and in the opinion of the court, an averment of a general conclusion is not sufficient to constitute a cause of action."

Within the time allowed an amendment to the complaint was filed in the form of an additional paragraph as follows:

"23. And in the said acts and things done and performed by the·said defendants, as set out in the original complaint and the amendment thereto, the said defendants acted in concert and in pursuance of agreements, contracts, combinations and understandings, expressed or implied, and with a common purpose to control and raise the price of the commodities sold by them, and to restrain trade and commerce in the State of North Carolina in the sale and distribution of such petroleum products, and that said agreements, contracts, combinations and understandings, expressed or implied, by, between and among the said defendants, and each of them, were intended to, and did, operate to prevent open, free and independent competition in the sale and distribution of petroleum products in the State of North Carolina, and were intended to and did operate to control and increase the price of said petroleum products, to hamper, lessen and restrain trade and commerce therein, and were in restraint of free and lawful competition in the sale and distribution of such petroleum products in this State, and in violation of chapter 41, Public Laws of 1913, now chapter 53 of the Consolidated Statutes, and particularly sections 2559-2564 thereof."

Separate motions were thereupon filed by the several defendants to strike out said amendment "upon the ground that it is not responsive to said decision, judgment and order filed 12 November, 1932, in that there is contained therein no averment of any facts which would constitute a monopoly or the prevention of competition, and no averment of any specific fact or facts sufficient to remedy the defects in the complaint which was by the Hon. N. A. Sinclair adjudged not to state a cause of action."

It was further observed upon the argument of said motions that the amendment was not materially unlike paragraph 22 of the original complaint, which had previously been held insufficient on demurrer, and which said paragraph is as follows:

"22. By the processes and methods hereinbefore described, defendants, and each of them, have been able to establish, maintain, control and dictate the prices at which gasoline and other petroleum products are being sold in this State. Defendants simultaneously developed the methods and processes hereinbefore described and entered upon their prosecution in November, 1929, and each and all of them have since sought to place in effect the said exclusive sales contracts, as between each of them and gasoline filling station operators. By such acts, methods and processes, defendants, and each of them, have restrained and prevented free and independent competition in the sale of gasoline and other petroleum products in this State, and the methods and pro-

cesses so used by them, and the contracts and agreements hereinbefore set out and being put into effect by them, are in restraint of trade and commerce in gasoline and petroleum products in this State, and in violation of chapter 41, Public Laws of 1913, now chapter 53 of the Consolidated Statutes, and especially sections 2559-2564 thereof."

From a judgment allowing the motions of the defendants and ordering that the amendment be stricken out, the plaintiff appeals, assigning said ruling as error.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Siler for the State.*

*Pou & Pou for defendant, Standard Oil Company of New Jersey, and Clarence J. Shearn of counsel.*

*T. Lacy Williams and W. J. Guthrie for defendant, Gulf Refining Company.*

*Harry T. Klein and Murray Allen for defendant, The Texas Company.*

*Roy T. Osborn, H. P. Ragland and Jones & Brassfield for defendant, Sinclair Refining Company.*

*Edwin H. Brownley and Biggs & Broughton for defendant, American Oil Company.*

*Burnham, Bingham, Pillsbury, Dana & Gould and Fuller, Reade & Fuller for defendant, Shell Eastern Petroleum Products, Incorporated.*

STACY, C. J. In the outset it should be observed that the judgment of Judge Sinclair, sustaining the demurrers to the original complaint on the ground that it did not state facts sufficient to constitute a cause of action, was not before Judge Cranmer for review. He could not question its correctness, but was bound by its terms. No appeal lies from one Superior Court judge to another. *S. v. Lea,* 203 N. C., 316, 166 S. E., 292; *Revis v. Ramsey,* 202 N. C., 815, 164 S. E., 358. Nor is the judgment sustaining the demurrers before us for review. There was no appeal from said judgment. *Willoughby v. Stevens,* 132 N. C., 254, 43 S. E., 636. The only question presently presented is the correctness of the ruling striking out the amendment.

In considering the motions to strike out the amendment, the judge was not only faced with the holding that the original complaint, which contains paragraph 22, did not state facts sufficient to constitute a cause of action, but was also under the necessity of observing the terms of the judgment allowing the plaintiff to amend. *Dockery v. Fairbanks,* 172 N. C., 529, 90 S. E., 501. There, it was said an averment of a general conclusion would not suffice unless predicated upon allegation of some "specific fact or facts, which of themselves would constitute a monopoly

JOHNSON *v.* R. R.

or the prevention of competition." True, it is alleged in the amendment that the defendants acted in concert and in pursuance of agreements, combinations and understandings, with a common purpose to control and raise the prices of commodities sold by them, which prevented competition, but it had already been held that the previous allegations of fact were not sufficient to support a similar conclusion.

His Honor concluded, therefore, as the original complaint did not state facts sufficient to constitute a cause of action, according to the prior ruling, which was binding on him, the only responsive amendment would be one stating such facts, or stating facts which added to those in the original complaint would be sufficient to constitute a cause of action; and that since the amendment omitted to state the facts previously pointed out as essential, it was not responsive to the order allowing it. In this, we perceive no error. It is not open to the plaintiff to say the original complaint does state facts sufficient to constitute a cause of action, for the judgment sustaining the demurrers, unappealed from, forecloses this position. *Swain v. Goodman,* 183 N. C., 531, 112 S. E., 36; *Marsh v. R. R.,* 151 N. C., 160, 65 S. E., 911.

Affirmed.

CLARKSON, J. I concur in this opinion, as the case presents a question of pleading and practice.