VIVIAN BEULAH JONES v. JAMES MATHIS, ORIGINAL DEFENDANT, AND GLADYS MATHIS, ADDITIONAL DEFENDANT.

(Filed 12 April, 1961.)

**1. Judgments § 38—**

It is within the discretion of the trial court to determine whether a plea of *res judicata* should be determined prior to the trial on the merits.

**2. Same—**

Whether a judgment dismissing an action upon demurrer will support a plea of *res judicata* is to be determined from the judgment roll.

**3. Judgments § 35—**

A judgment sustaining a demurrer is as much a bar as if the issuable matters had been established by a verdict.

**4. Judgments § 28—**

In an action by one driver against the other driver and the owner of the other vehicle, an unappealed judgment sustaining a demurrer is a bar to a cross action by the first driver in a subsequent action instituted by the second driver to recover for injuries sustained in the same collision.

**5. Automobiles § 41h—**

Allegations supported by evidence tending to show that defendant entered the highway without warning from a driveway as plaintiff's car was approaching, that in the emergency plaintiff swerved to the left, and that defendant, in about two hundred feet thereafter, turned to his left to enter his private driveway, resulting in the collision in suit, *is held* sufficient to be submitted to the jury on the issue of negligence.

**6. Automobiles § 36—**

Evidence that plaintiff's passenger was intoxicated and asleep on the front seat at the time of the accident in suit, without any evidence that plaintiff had drunk any intoxicant, would seem without relevance to the issue of plaintiff's negligence, and the exclusion of such evidence is held not prejudicial.

**7. Automobiles § 55½—**

Upon counterclaim by defendant owner of one car to recover for damages to his car alleged to have resulted from the negligence of the driver of the other car involved in the collision, the evidence *is held* to show that the negligence of the driver of defendant owner's car was a proximate cause of the accident as a matter of law, and also that the driver of defendant's car was acting as defendant's agent, and therefore nonsuit of the counterclaim was proper.

**8. Automobiles § 35—**

Where the complaint sufficiently alleges negligence on the part of the defendant, and plaintiff's reply to defendant's counterclaim alleges that the collision was proximately caused by the negligence of defendant as set forth in the complaint, the reply sufficiently sets up contributory negligence of defendant as a bar to the counterclaim, even though it fails to plead contributory negligence *eo nomine*.

**9. Appeal and Error § 35—**

Where the charge is not the record, it will be presumed that the court instructed the jury correctly on every principle of law applicable to the facts.

APPEAL by defendants from *Bundy, J.,* November Civil Term, 1960, of NEW HANOVER.

Personal injury action growing out of a collision that occurred on U.S. Highway #117, in Duplin County, about 9:45 p.m., on October 14, 1959, between a 1952 Nash Sedan, owned by Edgar L. Summerlin and operated by plaintiff, and a 1950 Chevrolet Sedan, owned by Gladys Mathis and operated by James Mathis.

Originally, James Mathis was sole defendant. Later, *on plaintiff's motion*, Gladys Mathis was made a defendant. The complaint was amended so as to include allegations against Gladys Mathis. Defendants filed a joint answer. They denied plaintiff's allegations as to their negligence, pleaded contributory negligence of plaintiff, and alleged, separately stated, two cross actions against plaintiff, one on behalf of James Mathis for personal injuries and the other on behalf of Gladys Mathis for damage to her car. Plaintiff, by reply, denied the material allegations of defendants' cross actions. In addition, plaintiff alleged, as a bar to the cross action of James Mathis, a final judgment entered April 26, 1960, in Duplin Superior Court, in

JONES *v.* MATHIS.

an action entitled *"James Mathis v. Beulah Fields Jones and Edgar L. Summerlin."*

Plaintiff's said plea in bar was heard before the jury was impaneled. The court, based on the judgment roll in said Duplin action, sustained plaintiff's said plea, thereby terminating the cross action of James Mathis.

At trial, evidence was offered by plaintiff and by defendants. At the close of all the evidence, the court allowed plaintiff's motion for judgment of nonsuit as to the cross action alleged on behalf of Gladys Mathis.

Three issues were submitted to and answered by the jury, to wit:

"1. Was the plaintiff injured by the negligence of James Mathis, as alleged in the Complaint? ANSWER: Yes.

"2. Was the defendant James Mathis the agent of Gladys Mathis, as alleged in the Complaint? ANSWER: Yes.

"3. What amount is the plaintiff entitled to recover of the defendants? ANSWER: $3750.00."

Facts relevant to defendants' assignments of error are set forth in the opinion.

Judgment for plaintiff, in accordance with the verdict, was entered against both defendants. Defendants excepted and appealed.

*Elbert A. Brown and Poisson, Marshall, Barnhill & Williams for plaintiff, appellee.*

*R. S. McClelland, W. Allen Cobb and L. Bradford Tillery for defendants, appellants.*

BOBBITT, J.    Assignment of error #1 is based on defendants' exception to the court's action in sustaining plaintiff's plea in bar to the cross action of James Mathis.

Plaintiff alleged, in substance, these facts: She was driving south on U.S. Highway #117. When she reached a point at or near the George Henry Grill, James Mathis "suddenly and abruptly" drove the Chevrolet from the private parking lot of said Grill without signal or warning, "onto the highway" directly in front of her, when the Nash "was almost opposite" the point where he entered the highway. She immediately applied brakes and turned sharply to her left in an effort to avoid a collision. About the same time, James Mathis, also headed south, drove to the left of the center of the highway in an attempt to enter a private driveway. James Mathis made the left turn toward

the private driveway "without notice, signal or warning of his intention to do so, thereby causing the two vehicles to collide." His said conduct created a sudden emergency.

Plaintiff alleged, in substance, that Gladys Mathis was the owner of the Chevrolet; that it was a family purpose car habitually operated by James Mathis, a member of the family, with her consent and approval; and that on this particular occasion it was being operated by James Mathis as the agent of Gladys Mathis.

In their answer, defendants alleged, *inter alia*, that plaintiff was operating the Nash "as agent, servant or employee of the owner, Edgar L. Summerlin, and under his control and supervision," and that Gladys Mathis owned the Chevrolet operated by James Mathis on the occasion of the collision. They alleged, as contributory negligence, that plaintiff ran into the Mathis car because she was operating the Nash at excessive speed, failed to keep a proper lookout, failed to pass to the left of the Mathis car when there was ample room for her to do so, and failed to avoid the collision when she, by the exercise of due care, could have done so.

The separate cross actions, except as to damages, contained substantially the same allegations. Each alleges, in substance, these facts: James Mathis had stopped at the George Henry Grill. Before entering U.S. Highway #117, he came to a complete stop. He entered the highway after first observing that no traffic was approaching from either direction. After he had proceeded south approximately 50 to 75 yards, he gave a proper signal for a left turn, observed that no vehicle was approaching from either direction, then proceeded to turn left into a dirt road to his home. He had commenced his left turn and had crossed the center line (some two feet to the left thereof) when the Summerlin car, operated by plaintiff, violently crashed into the Mathis car.

As a basis for recovery from plaintiff on their cross actions, each defendant set forth substantially the same allegations as to plaintiff's negligence theretofore asserted (set out above) as the basis for their plea of contributory negligence.

In the prior Duplin Action, James Mathis alleged the collision occurred when he was driving south on U.S. Highway #117; that he made a left turn, after giving a signal of his intention to do so, into a dirt road leading to his home; that his car was completely off the highway except for the rear bumper and trunk, when the car operated by defendant Jones, in which defendant Summerlin, the owner, was riding, struck the left rear of the Mathis car; and that defendant Jones was careless and negligent in traveling south on said highway at

an extremely high rate of speed, on the wrong side of the road, when she struck the Mathis car. (No reference is made to his having entered the highway from the driveway in front of the George Henry Grill.) While the alleged negligence of defendant Jones was not set forth as fully as in his cross complaint herein, the basic facts underlying the allegations made by James Mathis in both pleadings are essentially the same.

In the Duplin action, both defendants, by written demurrer, challenged the sufficiency of the complaint on three grounds: (1) It contained no allegations that defendant Jones was the agent of defendant Summerlin. (2) It did not allege facts sufficient to constitute actionable negligence on the part of either defendant. (3) The facts alleged disclosed contributory negligence as a matter of law.

By order of March 16, 1960, the court sustained the demurrer as to both defendants. The plaintiff (James Mathis) did not except. Nor did he, within thirty days, move for leave to amend. On April 26, 1960, on the defendants' motion, judgment was entered, in accordance with G.S. 1-131, dismissing the action. The plaintiff (James Mathis) excepted and gave notice of appeal. He did not perfect his appeal.

Ordinarily, it is for the trial judge, in the exercise of his discretion, to determine whether in the circumstances of a particular case a plea in bar is to be disposed of prior to trial on the merits of plaintiff's alleged cause of action. *Gillikin v. Gillikin,* 248 N.C. 710, 712, 104 S.E. 2d 861, and cases cited; *Hayes v. Ricard,* 251 N.C. 485, 490, 112 S.E. 2d 123.

The court deemed it appropriate, on the threshold of the trial, to consider plaintiff's plea in bar to the cross action (in effect a complaint) of James Mathis. There had been no jury trial in the prior Duplin action. Hence, the plea was determinable on the basis of the facts disclosed by the judgment roll in the Duplin action. No question was raised as to the authenticity of the judgment roll in the Duplin action. It is incorporated in the *agreed* case on appeal. Too, it was admitted by defendants' counsel that the Duplin action arose out of the same collision and that Beulah Fields Jones, defendant in the Duplin action, was the same person as Vivian Beulah Jones, plaintiff in this action.

"It is the recognized principle that a judgment for defendant on a general demurrer to the merits, where it stands unappealed from and unreversed, is an estoppel as to the cause of action set up in the pleadings, as effective as if the issuable matters arising in the pleadings had been established by a verdict." *Swain v. Goodman,* 183 N.C.

531, 112 S.E. 36; *Johnson v. Pate,* 40 N.C. 334; *Willoughby v. Stevens,* 132 N.C. 254, 43 S.E. 636; *Marsh v. R.R.,* 151 N.C. 160, 65 S.E. 911; *Bank v. Dew,* 175 N.C. 79, 94 S.E. 708; *Blue v. Wilmington,* 186 N.C. 321, 119 S.E. 741; *State v. Oil Co.,* 205 N.C. 123, 170 S.E. 134. *Cf. Bowie v. Tucker,* 197 N.C. 671, 150 S.E. 200, and *Canestrino v. Powell,* 231 N.C. 190, 56 S.E. 2d 566. See Annotations, "Conclusiveness of judgment on demurrer," 13 A.L.R. 1104, 106 A.L.R. 437.

Under the well established legal principle stated above, the court was correct in sustaining plaintiff's plea in bar to the cross action of James Mathis. Under the circumstances, plaintiff's contention that the court considered the judgment roll in the Duplin action prematurely, that is, before it had been formally offered in evidence at trial, is unsubstantial. Defendants' said assignment of error is overruled.

Assignment of error #2, based on defendants' exceptions to the court's refusal to nonsuit plaintiff, is overruled. Plaintiff's testimony was substantially in accordance with her allegations. It tends to show that, while operating the Nash at a reasonable speed and in a prudent manner, she was confronted by an emergency created by the negligence of James Mathis in driving upon the highway directly in front of her and, by attempting to make a left turn into his private driveway, depriving plaintiff of any opportunity to avoid a collision. Defendants' contention that plaintiff's evidence disclosed contributory negligence as a matter of law is without merit.

Plaintiff testified Summerlin was on the front seat, to her right, *asleep,* and her two children were on the back seat, when the collision occurred. On cross-examination she testified Summerlin "may have had a beer or two, but was not drinking." (Note: Plaintiff was not then, but she is now, the wife of Summerlin.)

Assignment of error #3 is based on defendants' exception to the exclusion of proffered testimony of the investigating State Highway Patrolman that Summerlin "was under the influence of alcohol or some alcoholic beverage." The relevance of this proffered testimony, if any, was remote; and, under the circumstances, the exclusion thereof, in our opinion, was not sufficiently prejudicial to warrant a new trial. It is noted: (1) Summerlin did not testify. (2) Nothing in the evidence suggests plaintiff was under the influence of or had been drinking any intoxicant.

Assignment of error #4, based on defendants' exception to the court's action, at the close of all the evidence, in dismissing the counterclaim of Gladys Mathis, is overruled.

Plaintiff's testimony is explicit that the Mathis car was driven onto

JONES *v.* MATHIS.

the highway directly in front of her when she was no more than "two or three car-lengths" away, and that in such emergency she applied brakes and swerved to her left in an effort to avoid striking the Mathis car.

Defendants' evidence consisted of the testimony of James Mathis and of the investigating State Highway Patrolman. Defendants stress the testimony of the State Highway Patrolman that the measured distance from the *center* of the George Henry Grill driveway to the *center* of the Mathis driveway was 225 feet. The same witness testified the entrance to the Mathis driveway was "extremely wide" and the entrance to the George Henry Grill was "considerable *(sic)* wider than the driveway," and that he found a great deal of the scattered debris of the Mathis car on the "north edge" of the Mathis driveway. He testified: "Looking north from the George Henry Grill, there is an unobstructed view for about 600 yards. It was raining on this night and visibility was poor." There is no evidence that plaintiff was driving at a speed in excess of 45 miles per hour. According to the testimony of James Mathis, there were no electric signals on the Mathis car. He testified he had his arm out of the window "to give a left-hand signal and it got a little wet." James Mathis testified he did not see plaintiff's car at any time before it struck the Mathis car.

Assuming, but not deciding, the evidence, considered in the light most favorable to defendants, was sufficient to warrant a finding that plaintiff was in some respect negligent, careful consideration of the evidence impels the conclusion that Mathis, if not guilty of contributory negligence as a matter of law when he entered the highway, was guilty of contributory negligence as a matter of law in making a left turn from the highway towards a private driveway under the circumstances set forth above. Moreover, the verdict established the negligence of James Mathis and that he was acting as agent of Gladys Mathis.

We have not overlooked defendants' contention that plaintiff, by reply, did not, by name, plead contributory negligence. However, plaintiff had pleaded the negligence of defendants with particularity in her complaint and in her reply alleged the collision was proximately caused by the negligence of defendant "as specifically set forth in the complaint in this cause." Plaintiff's pleading is deemed sufficient. If defendants' negligence proximately caused the collision as alleged by plaintiff, defendants were, perforce, contributorily negligent.

It is noteworthy that the allegations as to plaintiff's contributory

negligence set forth in the answer are substantially the same as the allegations as to plaintiff's negligence set forth in the cross action of Gladys Mathis. Yet, defendants did not tender an issue as to the alleged contributory negligence of plaintiff or except to the court's failure to submit such issue. Nor do defendants, on appeal, assign as error the court's failure to submit such issue.

It is noted that the charge of the trial court was not included in the record on appeal. Hence, it is presumed that the jury was instructed correctly on every principle of law applicable to the facts. *Hatcher v. Clayton,* 242 N.C. 450, 453, 88 S.E. 2d 104, and cases cited.

Assignment of error #5, based on defendants' exception to the judgment, is formal and requires no discussion.

The verdict and judgment must be upheld, for we find no error in law sufficient to warrant a new trial.

No error.