ROBERT CALVIN WILLIAMS v. ASHEVILLE CONTRACTING COMPANY.

(Filed 10 April 1963.)

**1. Appeal and Error § 33—**

   The pleadings form a necessary part of the record proper, and when the pleadings are not present in the record the appeal must be dismissed, Rule of Practice in the Supreme Court No. 19(1); nor will memoranda of the pleadings suffice, Rule of Practice in the Supreme Court No. 20(1).

WILLIAMS *v.* CONTRACTING COMPANY.

**2. Judgments § 35—**

> Unless reversed on appeal, a judgment dismissing an action upon a demurrer for failure of the complaint to state a cause of action is a bar to a subsequent action on substantially identical allegations.

APPEAL by plaintiff from *Burgwyn, Emergency Judge,* December Civil Term 1962 of NASH.

This is plaintiff's second action against defendant to recover damages for injuries sustained in a collision between motor vehicles belonging to the parties occurring in Nash County on March 7, 1960.

This Court held the judgment of voluntary nonsuit entered in plaintiff's first action by the assistant clerk on November 7, 1961, constituted an abandonment by plaintiff of his appeal from a judgment entered in superior court at September Civil Term 1961 in which the court sustained defendant's demurrer on the ground the complaint failed to state facts sufficient to constitute a cause of action and dismissed the action. *Williams v. Contracting Co.,* 257 N.C. 769, 127 S.E. 2d 554.

In this (second) action the following statements appear in the agreed case on appeal: Plaintiff instituted the second action November 7, 1961, immediately after taking the voluntary nonsuit in the first action. The demurrer to complaint in the first action was upon the ground "the complaint showed upon its face that the alleged acts of negligence on the part of the defendant were not the proximate cause of the collision complained of and of the injuries to the plaintiff." Except as to paragraph 7, the complaints in the two actions are identical.

Neither the complaint in this (second) action nor the complaint in the first action is in the record now before us. (Note: The complaint in the first action is not in the record filed in this Court incident to said appeal in the first action.) Paragraph 7 of each complaint is quoted in the agreed case on appeal.

Defendant's original answer is not in the record. The record includes an amendment to answer in which defendant pleads the judgment entered at September Civil Term 1961, in the first action, as *res judicata* and in bar of plaintiff's right to maintain this (second) action. Attached to said "Amendment to Answer" is the demurrer to the complaint in the first action, the judgment thereon, the entries relative to the plaintiff's appeal therefrom, and the judgment of voluntary nonsuit entered on November 7, 1961.

The hearing below was on defendant's said plea in bar and on plaintiff's (oral) demurrer thereto. Judgment overruling plaintiff's said

SMITH *v.* WHISENHUNT.

demurrer, sustaining defendant's said plea in bar and dismissing the action was entered.

Plaintiff excepted to the judgment "sustaining defendant's Plea in Bar" and appealed.

*Gilliland & Clayton for plaintiff appellant.*
*William L. Thorp, Jr., for defendant appellee.*

BOBBITT, J. Compliance with the Rules of Practice in the Supreme Court, 254 N.C. 783 *et seq.,* is mandatory. Rule 19(1) requires that the pleadings shall be a part of the transcript in all cases. Rule 20(1) provides that memoranda of pleadings will not be received or recognized in the Supreme Court as pleadings, even by consent of counsel. "The absence of the complaint from the record makes it necessary to dismiss the appeal." *Thrush v. Thrush,* 245 N.C. 63, 65, 94 S.E. 2d 897, and cases cited.

While the appeal is dismissed for failure to comply with our rules, we deem it appropriate to say: In our view, *the facts* alleged in paragraph 7 of the complaint in this (second) action are substantially the same as those alleged in paragraph 7 of the complaint in the first action. The court below presumably based decision on "the recognized principle that a judgment for defendant on a general demurrer to the merits, where it stands unappealed from and unreversed, is an estoppel as to the cause of action set up in the pleadings, as effective as if the issuable matters arising in the pleadings had been established by a verdict." *Swain v. Goodman,* 183 N.C. 531, 533, 112 S.E. 36; *Jones v. Mathis,* 254 N.C. 421, 425, 119 S.E. 2d 200, and cases cited.

Appeal dismissed.