Vivian W. COBB, Plaintiff,

v.

Jerry A. CLARK and Rebecca C. Clark, Defendants.

No. C-228-G-65.

United States District Court
M. D. North Carolina,
Greensboro Division.

Aug. 29, 1966.

Luke Wright and B. Gordon Gentry, Greensboro, N. C., for plaintiff.

Thomas D. Cooper and Emerson T. Sanders, Burlington, N. C., for defendants.

## MEMORANDUM

EDWIN M. STANLEY, Chief Judge.

This matter is before the Court on the motion of the defendants for a summary judgment in their favor, pursuant to the provisions of Rule 56, Federal Rules of Civil Procedure, on the ground that there is no genuine issue as to any material fact and the defendants are entitled to the judgment as a matter of law.

The plaintiff, a citizen and resident of Alamance County, North Carolina, is the mother of the feme defendant and the mother-in-law of the male defendant. The defendants, husband and wife, are citizens and residents of Atlanta, Georgia. Plaintiff accepted an invitation to spend Christmas, 1963, at the home of the defendants in Atlanta. On the evening of December 24, 1963, plaintiff had an occasion to go into the defendants' bedroom for an alarm clock. After getting the alarm clock, she intended to go from the bedroom to the nursery. When plaintiff reached what she thought was the nursery door, she opened the door and

stepped inside. It was then she discovered that she had opened the door to the stairway leading to the basement. She fell down the stairway and suffered serious injuries.

On July 6, 1964, plaintiff instituted an action against the defendants in the Superior Court of Alamance County, North Carolina, seeking to recover damages for her injuries. The defendants filed a written demurrer to the complaint on the grounds that the complaint did not state facts sufficient to constitute a cause of action against the defendants. Upon the entry of an order sustaining the demurrer and dismissing the action, the plaintiff timely perfected an appeal to the North Carolina Supreme Court. The judgment sustaining the demurrer was affirmed. Cobb v. Clark, 265 N.C. 194, 143 S.E.2d 103 (1965). Following a certification by the Supreme Court of its opinion and judgment, an order was entered in the Alamance County Superior Court on September 23, 1965, affirming the previous judgment sustaining demurrer and dismissing the action. At no time prior to the entry of said order, or thereafter, did the plaintiff move for leave to amend her complaint. This action was commenced on December 23, 1965. In this action, and in the State court action, the defendants were served summons in Alamance County, North Carolina.

The basis of the motion for summary judgment is that this action is barred by the doctrine of res judicata. It is the position of the defendants that the State court judgment, while it stands unreversed and unassailed, bars any further action by the same plaintiff to recover damages from the same defendants for the same injury upon substantially the same allegations and contentions. The plaintiff, on the other hand, contends that the allegations in the present action are materially and substantially different from the allegations in the State court action, and thus not barred by the doctrine of res judicata. The contention is also made that plaintiff had clearly stated a claim upon which relief should be granted, citing certain Georgia statutes and decisions in support of this contention. This latter contention also seems to be based on the argument that the Supreme Court of North Carolina was in error in affirming the judgment sustaining the demurrer.

██ This being a diversity action, there can be no question but that the law of the place where the cause of action arose governs in the creation of the substantive rights, and that procedural questions arising in the enforcement of such rights are determined by the laws of the state where enforcement is sought. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Hartmann v. Time, 3 Cir., 166 F.2d 127 (1947); Cobb v. Clark, supra. It is not disputed that the Superior Court of Alamance County, a court of competent jurisdiction, had jurisdiction of the parties and of the subject matter. It follows that if the final judgment dismissing the action bars the plaintiff from instituting another action in the State courts, she would be similarly barred from instituting the second action in this court.

█ It is equally clear that the State court judgment, though rendered on the pleadings and not after trial, was on the merits, and that such judgment is as binding as if a judgment had been entered for the defendants after trial and verdict. Davis v. Anderson Industries, Inc., 266 N.C. 610, 146 S.E.2d 817 (1966); Williams v. Asheville Contracting Company, 259 N.C. 232, 130 S.E.2d 340 (1963); Swain v. Goodman, 183 N.C. 531, 112 S.E. 36 (1922).

It is universally held that matters and things determined and adjudged against a plaintiff in a State court "having jurisdiction of persons and subject matter, may not be again litigated by the plaintiffs against the same persons in a federal court of that state." Hudson v. Lewis, 5 Cir., 188 F.2d 679 (1951). The rule is succinctly stated in Davis v. Anderson Industries, Inc., supra, quoting from Marsh v. Atlantic Coast Line R. Co.,

151 N.C. 160, 65 S.E. 911 (1909), as follows:

"[I]t is a principle universally recognized that, when a court has jurisdiction of a cause and the parties, and on complaint filed a judgment has been entered sustaining a general demurrer to the merits, such judgment, while it stands unreversed and unassailed, is conclusive upon the parties, and will bar any other or further action for the same cause."

Before the plaintiff brought her action in this court, she had had her full day in the courts of the State of North Carolina, "the judgments of which, whether right or wrong, are not subject to review by the United States District Court * * *." Watson v. Suddoth, 8 Cir., 177 F.2d 371 (1949).

■■ As earlier noted, one of the principal contentions of the plaintiff is that she has alleged additional facts, including additional acts of negligence, in this action that did not appear in the State court. There is no merit to this contention. There is little question but that the State court judgment is res judicata "not only as to every ground of recovery presented in the action, but also as to *every ground which might have been presented*" (emphasis supplied), Moore v. Harkins, 179 N.C. 167, 101 S.E. 564 (1919), and that the new matters alleged here are within the compass of the issues determined in the State court, "and were, therefore, as effectively adjudicated as if they had been specifically put forward and specifically adjudged." Hudson v. Lewis, supra. Whatever difference there might be in the allegations used in the State court complaint and in the complaint filed in this court, the fact remains that the same plaintiff is seeking in this court to recover the same damages from the same defendants for the same injuries growing out of the same occurrence as that alleged in the State court complaint. This she may not do. Under Section 1–131, General Statutes of North Carolina, the plaintiff had the right, within three days after receipt of the certificate of the Supreme Court sustaining the de-

murrer, to move for leave to amend her complaint. No such motion was filed, and she is now bound by the final judgment entered in the Superior Court of Alamance County.

It follows that the State court judgment must be received as res judicata, and that plaintiff must be refused permission to relitigate the questions conclusively and finally resolved in the State court.

An order will be entered allowing the motion for summary judgment.