SAMUEL WAYNE PREVATTE v. BECTINA L. PREVATTE

No. 844DC678

(Filed 7 May 1985)

**Divorce and Alimony § 24.5— modification of earlier child support order—no appeal from earlier order—no error**

There was no error in a court's order that funds held in trust for a child's benefit be paid to defendant, the custodial parent, for the child's use and that plaintiff make support payments of $125 per month to the Clerk of Court for disbursement to defendant rather than to the trust account. An earlier order requiring defendant to pay $125 per month into the trust account was not appealed from, and these modifications of that order affect no legal right of plaintiff's and were clearly justified by findings which were not excepted to by plaintiff. G.S. 1-279, North Carolina Rules of App. Procedure, Rule 3(a) and (d).

APPEAL by plaintiff from *Martin, James N., Judge.* Order entered 12 March 1984 in District Court, ONSLOW County. Heard in the Court of Appeals 12 February 1985.

Plaintiff and defendant married in November, 1977 and separated on 7 June 1979. One child was born of the marriage in May, 1978 and this action for its custody was filed on 12 June 1979. The child was then residing with plaintiff, and upon the filing of the complaint an ex parte order was entered awarding plaintiff temporary custody and directing defendant not to interfere therewith until a hearing could be had. A few days later defendant got the child from the plaintiff's home in Onslow County and took it to Tennessee; but shortly thereafter plaintiff went to Tennessee and brought the child back with him. Custody was continued in the plaintiff by orders entered on 1 February 1980 and 11 June 1980. In March, 1981 the parties were divorced; in May, 1981 defendant married Richard E. Gasperson of Lenoir County; and on 21 October 1981 an order was entered transferring custody of the child to defendant. By that order the court found that plaintiff was able to pay $125 a month toward the child's support but that defendant was then able to take care of the child's immediate needs, and directed plaintiff to deposit $125 each month "into a trust account for the benefit of the minor child . . . to be invested and re-invested to the end that the accumulated sum may be used for whatever of the child's necessities may arise between now and the time that the child may

become eighteen (18) years of age, dies, marries or otherwise becomes emancipated." Plaintiff thereafter made deposits into the trust account in the total amount of $3,475.

By motion filed on 12 January 1984, defendant alleged that she and her husband were no longer able to support the child and asked that the trust funds be used to defray the cost of the child's necessities and that plaintiff's payments in the future be made to the Clerk of Court for disbursement to her. Following a hearing on the motion the court found that the child had recently incurred unexpected medical expenses because of a broken arm and would soon incur substantial dental expense because of needed teeth braces; that defendant was pregnant and her financial circumstances had changed since the previous order was entered; and that the best interest of the child required that the $3,475 then held in trust for the child's benefit be paid over to defendant for the child's use. And plaintiff was ordered to thereafter make the $125 monthly payments to the Clerk of Court for disbursement to defendant for the "use and benefit of the minor child." From this order the plaintiff appeals.

*Gene B. Gurganus for plaintiff appellant.*

*Jeffrey S. Miller for defendant appellee.*

PHILLIPS, Judge.

In appealing from the order entered 12 March 1984 plaintiff contends two things: First, that the judge had no legal authority to require him to set up the trust fund to start with; and, second, that the order requiring him to pay $125 a month for the child's use and benefit is supported by no proper findings as to the child's needs and plaintiff's ability to pay. Both of these contentions come too late. The child's needs, plaintiff's ability to pay $125 a month toward supplying them, and his legal obligation to do so were all established by the order entered on 21 October 1981 from which no appeal was taken. Thus, the legality of that order is not before us. G.S. 1-279; Rule 3(a) and (d), N.C. Rules of Appellate Procedure; *State v. Standard Oil Co. of N.J.*, 205 N.C. 123, 170 S.E. 134 (1933); *Hamlin v. Austin*, 49 N.C. App. 196, 270 S.E. 2d 558 (1980). All that is before us is an appeal from an order permitting funds already held for the child's benefit to be used for that purpose and requiring plaintiff in the future to make the

monthly payments to the Clerk of Superior Court, rather than depositing them in the trust account as in the past. These modifications of the earlier order affect no legal right of the plaintiff's, were clearly justified by the findings made, none of which were excepted to by plaintiff, and we see no error in them.

Affirmed.

Judges WEBB and MARTIN concur.