ELSIE DAVIS, PLAINTIFF v. ANDERSON INDUSTRIES, INC., CAROLINA INDUSTRIAL MANUFACTURING CORPORATION, AND CITY OF GREENSBORO.

(Filed 2 March, 1966.)

**1. Pleadings § 21.1;   Actions § 12—**

Judgment sustaining demurrer and dismissing the action is a final judgment which terminates the action, and therefore when such judgment is entered prior to the effective date of the 1965 amendment to G.S. 1-131, permitting one action to be instituted after judgment sustaining demurrer, the action is not then pending, and the amendment, although applying to pending litigation as well as subsequent litigation, can have no application.

**2. Pleadings § 21.1;   Judgments § 35—**

A judgment sustaining a demurrer for failure of the complaint to state a cause of action is *res judicata* and bars a subsequent action upon substantially identical allegation, the 1965 amendment not being applicable.

**3. Judgments § 38—**

The trial court has discretionary power to determine defendants' plea of *res judicata* prior to trial on the merits.

MOORE, J., not sitting.

PLESS, J., and RODMAN, E.J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Gambill, J.,* 1 February 1965 Civil Session of GUILFORD, Greensboro Division, docketed and argued as Case No. 699, Fall Term 1965, and docketed as Case No. 688, Spring Term 1966.

On 27 August 1963 the plaintiff instituted an action against these same defendants. Each of them filed an answer in that action, and

when it was called for trial each defendant demurred *ore tenus* to the complaint on the ground that it failed to state a cause of action against them, or any of them. These demurrers were sustained. After the ruling of the court sustaining the demurrers, the plaintiff then moved that a judgment of voluntary nonsuit in that action be entered. This motion was also denied and the court entered a judgment on 11 September 1964, sustaining the demurrers, denying the said motions by the plaintiff, dismissing the action and taxing the costs thereof against the plaintiff. From that judgment the plaintiff did not appeal.

The plaintiff instituted the present action on 2 November 1964. Each defendant filed an answer denying the allegations of the complaint with reference to negligence or other default by such defendant, pleading contributory negligence by the plaintiff, and also pleading, in bar of the plaintiff's right to maintain this action, the judgment dismissing the former action. The City of Greensboro further alleges in its answer that the plaintiff has not paid the costs assessed against her in the former action. In addition to their answers, the defendants, Anderson Industries, Inc., and Carolina Industrial Manufacturing Corporation, filed motions to dismiss the present action on the ground of the judgment in the first action and the failure of the plaintiff to proceed under the provisions of G.S. 1-131.

The superior court determined that the motions to dismiss and the pleas in bar should be heard prior to the trial of this action upon its merits. Upon such hearing, the court considered the pleadings and judgment in the former action, all of which were offered in evidence, and found as facts: (1) The prior action was dismissed 7 September 1964 by judgment sustaining the demurrer of the defendants for the failure of the complaint in that action to state a cause of action against the defendants, or any of them; (2) the plaintiff did not appeal from that judgment; (3) this action was instituted against the same parties on 2 November 1964, and the allegations of the complaint in this action are not materially different from the allegations of the complaint in the former action, the parties, the subject matter and the issues being the same. The court thereupon entered its judgment sustaining the respective pleas in bar and dismissing the present action. From this judgment the plaintiff now appeals, assigning as error the sustaining of the pleas in bar and the rendering of the judgment of dismissal.

The material allegations of the complaint in the first action may be summarized as follows: Anderson is the owner of a building fronting on Walker Avenue in the City of Greensboro. At the time of the occurrence in question, Carolina occupied the building as

tenant of Anderson. Ten years or more prior to the occurrence in question, the sidewalk in front of one of the truck entrances to the building was built up by placing thereon a layer of cement sloping from the entrance to the curb. This ramp made the sidewalk level conform to the level of the entrance along the length of the entrance. On its east side, and near the entrance, the ramp was two inches higher than the level of the sidewalk and extended perpendicularly above the sidewalk, the difference in level disappearing as the ramp sloped toward the curb. Each defendant knew, or should have known, of the existence of this condition for several years prior to the plaintiff's injury. It constituted a nuisance and an obstruction, rendering the sidewalk unsafe for pedestrian travel. On 1 December 1962, at approximately 8:30 p.m., the plaintiff was walking westwardly along this sidewalk. Her shoe was caught by the part of the ramp so jutting upward from the sidewalk level so that she fell and sustained serious personal injuries. The city was negligent in that it constructed, or permitted the sidewalk to be constructed, in an unsafe manner, failed to repair it and permitted it to remain in an unsafe condition when it knew, or should have known, of its unsafe and dangerous condition. The defendants Anderson and Carolina were negligent in that each permitted the sidewalk to remain in an unsafe condition and failed to repair it when it knew, or should have known, of its unsafe condition. The negligence of each of the defendants was a proximate cause of the plaintiff's injury and damage. The plaintiff gave due notice to the city and demanded compensation for her injury prior to the bringing of the action, which demand the city rejected.

The complaint in the present action, while not in the identical language of the first complaint in all of its paragraphs, differs from the first complaint only in the following respects so far as the allegations of material facts are concerned: Near the building the ramp extends three inches above the level of the sidewalk, instead of two. "Either the city or the then owner of said building" (the then owner not being identified) constructed the ramp (the former complaint stating that the city constructed it or permitted it to be constructed). The condition of the sidewalk was especially hazardous at night due to the fact that the street light was suspended from a pole, the shadow of which pole fell across the sidewalk in close proximity to the shadow thrown upon the lower level of the sidewalk by the projection of the ramp above the sidewalk level (it not being alleged that these two shadows merged together). The plaintiff was unfamiliar with this sidewalk, having never walked along it prior to her injury. The street light was "relatively dim." In his brief, counsel for the plaintiff states: "There is no claim made here that the light-

ing was insufficient or improperly placed or constructed such as the Court considered in" certain cited cases.

*Harry Rockwell for plaintiff appellant.*
*Sapp and Sapp for defendant Carolina Industrial Manufacturing Corporation.*
*Smith, Moore, Smith, Schell & Hunter by Stephen Millikin for defendant Anderson Industries, Inc.*
*Jordan, Wright, Henson & Nichols and William B. Rector, Jr., for defendant City of Greensboro.*

LAKE, J. The plaintiff relies on G.S. 1-131, as amended by Session Laws of 1965, c. 747, which reads as follows, the italicized portion having been inserted by the 1965 amendment:

> "Within thirty days after the return of the judgment upon the demurrer, if there is no appeal, or within thirty days after the receipt of the certificate from the Supreme Court, if there is an appeal, if the demurrer is sustained the plaintiff may move, upon three days' notice, for leave to amend the complaint. If this is not granted, judgment shall be entered dismissing the action, *and if there has been no appeal from the judgment sustaining the demurrer the plaintiff may, one time, commence a new action in the same manner as if the plaintiff had been nonsuited.* If the demurrer is overruled the answer shall be filed within thirty days after the receipt of the judgment, if there is no appeal, or within thirty days after the receipt of the certificate of the Supreme Court, if there is an appeal. Otherwise the plaintiff shall be entitled to judgment by default final or by default and inquiry according to the course and practice of the court."

Chapter 747 of the Session Laws of 1965 was ratified 1 June 1965. Section 3 thereof provides:

> "This Act shall become effective upon its ratification, and shall be applicable to pending litigation as well as to litigation commenced thereafter."

By its terms, the amendment of 1965 applies only to litigation pending on 1 June 1965 and to litigation commenced thereafter. The plaintiff's first action was not then pending, having been dismissed by the judgment entered 11 September 1964, from which no appeal was taken. The effect of that judgment and the right of the plaintiff thereafter to commence a new action must, therefore, be determined without reference to this amendment to G.S. 1-131.

The plaintiff elected not to appeal from the judgment of 11 September 1964, dismissing her former action. The present appeal is not from that judgment and we are not required, upon this appeal, to consider any alleged error in that judgment. It is a final adjudication that the complaint in the former action "failed to state a cause of action against the defendant, or either of them." Thus, the rights of the plaintiff against these defendants on account of the matters alleged in that complaint have been adjudicated.

In *Marsh v. R. R.*, 151 N.C. 160, 65 S.E. 911, Hoke, J., speaking for the Court, said:

> "[I]t is a principle universally recognized that when a court has jurisdiction of a cause and the parties, and on complaint filed, a judgment has been entered sustaining a general demurrer to the merits, such judgment, while it stands unreversed and unassailed, is conclusive upon the parties and will bar any other or further action for the same cause."

Judgment for the defendant having been rendered upon such a demurrer, the matter set forth in the complaint is *res judicata* just as if the facts alleged in the complaint had been found by a jury and a judgment for the defendant had been entered upon such verdict with no appeal therefrom. *Jones v. Mathis*, 254 N.C. 421, 119 S.E. 2d 200; *Swain v. Goodman*, 183 N.C. 531, 112 S.E. 36; *Bank v. Dew*, 175 N.C. 79, 94 S.E. 708; *Johnson v. Pate*, 90 N.C. 334.

The determination of the defendants' plea of *res judicata* prior to a trial on the plaintiff's alleged cause of action in the present case was within the discretion of the trial judge. *Wilson v. Hoyle*, 263 N.C. 194, 139 S.E. 2d 206; *Jones v. Mathis, supra.*

An examination of the evidence before the court at the hearing upon the plea in bar, consisting of the pleadings and judgment in the former action, discloses that such evidence is amply sufficient to support the findings of fact set forth in the judgment from which the present appeal is taken. There is no substantial difference between the allegations of the complaint in the present action and those in the complaint in the former action. No new or different cause of action is now alleged. Consequently, the plea of *res judicata* was properly sustained.

Affirmed.

Moore, J., not sitting.

Pless, J., and Rodman, E.J., took no part in the consideration or decision of this case.