BAILEY v. JACK PICKARD IMPORTS, INC.

[93 N.C. App. 506 (1989)]

———————————

MARY K. BAILEY, PLAINTIFF v. JACK PICKARD IMPORTS, INC., DEFENDANT

No. 8821SC858

(Filed 18 April 1989)

Negligence § 47.1— slip and fall—handicap ramp—summary judgment for defendant—proper

The trial court properly entered summary judgment for defendant in a negligence action arising from plaintiff's slip and fall on a handicap ramp on defendant's premises where plaintiff was an invitee on defendant's premises; she was visiting the premises for the third time in eleven months; she was aware of the ramp and walked down it as she exited the building; she then walked back into the building another way; she walked beside the ramp as she left the building a second time; she attempted to cut across the bottom of the ramp and slipped and fell on its raised edge; and plaintiff wore low-heeled shoes and the premises were dry and lighted.

APPEAL by plaintiff from Seay (Thomas W., Jr.), Judge. Order entered 10 May 1988 in Superior Court, FORSYTH County. Heard in the Court of Appeals 22 February 1989.

BAILEY v. JACK PICKARD IMPORTS, INC.

[93 N.C. App. 506 (1989)]

Plaintiff seeks to recover for injuries sustained when she slipped and fell on the raised edge of defendant's handicap ramp. Defendant answered alleging that plaintiff's own negligence caused her injury. The trial court granted defendant's motion for summary judgment. Plaintiff appeals.

*Garry Whitaker for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and James R. Morgan, Jr., for defendant-appellee.*

LEWIS, Judge.

The only issue presented is whether the trial court erred in granting summary judgment for defendant. We have reviewed the record on appeal and affirm the judgment entered.

Plaintiff was an invitee on defendant's premises. She was visiting the premises for the third time in eleven months. On the day of her injury, she was aware of the ramp and walked down it as she exited the building. Then she walked back into the building another way. When she left the building the second time, she walked beside the ramp. She attempted to cut across the bottom of the ramp and slipped and fell on its raised edge. The premises were dry and lighted, and plaintiff wore low-heeled shoes.

Summary judgment is proper even in a negligence case where the forecast of evidence fails to show defendant's negligence or establishes plaintiff's contributory negligence as a matter of law or where it is established that defendant's alleged negligence was not the proximate cause of plaintiff's injury. *Hale v. Power Co.,* 40 N.C. App. 202, 252 S.E. 2d 265, *cert. denied,* 297 N.C. 452, 256 S.E. 2d 805 (1985). Plaintiff contends summary judgment for defendant was improper because the premises were unsafe and defendant knew or should have known of the condition. Plaintiff contends the condition was dangerous because of an inconsistently sloped edge or drop-off along the ramp which "swelled down" around the edge. Defendant contends summary judgment was appropriate because the condition of the ramp's edge was obvious and that even if the edge of the ramp was a dangerous condition, defendant had no duty to warn plaintiff because it had no knowledge of the danger.

It is settled law in North Carolina that " '[t]he mere fact that a step up or down, or a flight of steps up or down, is maintained

at the entrance or exit of a building is no evidence of negligence if the step is in good repair and in plain view.' " *Garner v. Greyhound Corp.*, 250 N.C. 151, 159, 108 S.E. 2d 461, 467 (1959), *quoting Tyler v. Woolworth Co.*, 181 Wash. 125, 126-27, 41 P. 2d 1093, 1094 (1935). Further, " 'if the step is properly constructed and well lighted so that it can be seen by one entering or leaving the [building], by the. exercise of reasonable care, then there is no liability.' " *Id.* at 159, 108 S.E. 2d at 467, *quoting Tyler v. Woolworth Co., supra.*

Plaintiff had seen the ramp and had walked on it safely. Upon these facts, summary judgment for defendant was proper.

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.