## H. McBRIDE REALTY, INC. v. MYERS

[94 N.C. App. 511 (1989)]

H. McBRIDE REALTY, INC., AND MARLO INVESTMENTS, INC., D/B/A REALTY
WORLD, A LANDMARK COMPANY v. GARY W. MYERS

No. 8826SC831

(Filed 5 July 1989)

1. **Judgments § 37.5— action to collect real estate commission—
judgment and execution—res judicata—motion in the cause
dismissed**

   In an action arising from a judgment against defendant
for a real estate commission and an execution against defend-
ant's real property to satisfy the judgment, the trial court
properly found that defendant's 1987 action was res judicata
and denied defendant's 1988 motion in the cause where a
monetary judgment was entered against defendant in 1983;
an order of execution was returned unsatisfied in 1984; another
order of execution was served in 1987 by levying on and selling
defendant's real property; defendant filed an action in 1987
to have the sale of his property declared void; defendant filed
a motion in 1988 to consolidate the 1981 action which had
been brought against him and the 1987 action which he had
originated; the 1987 action was dismissed when the motion
to consolidate was heard in 1988; all issues concerning the
1981 action have been resolved, judgment entered, and no
appeal was taken; defendant subsequently filed this motion
in the cause requesting essentially the same relief as that
requested in the 1987 action; and the court denied this motion
and ordered that defendant's counsel pay plaintiffs' legal fees.

2. **Attorneys at Law § 7.7; Rules of Civil Procedure § 11— sanc-
tions under Rule 11—no error**

   The trial court correctly ordered defendant's attorney to
pay plaintiffs' attorney fees where defendant filed a motion
in the cause which was in all substantial respects the same
as an action which had been dismissed. Although defendant
contends that the trial court directed him to file the motion
in the cause after the earlier action was dismissed, that conten-
tion has absolutely no support in the record. N.C.G.S. § 1A-1,
Rule 11.

APPEAL by defendant from *Snepp, Frank W., Judge.* Orders
entered 13 May 1988 in Superior Court, MECKLENBURG County.
Heard in the Court of Appeals 14 March 1989.

Plaintiffs instituted this action on 3 April 1981 to collect a real estate commission which they contended defendant had agreed to pay for the sale of his residence. The jury awarded plaintiffs $2,700.00 and $1.00 plus interest and costs. The judgment was unsatisfied and plaintiffs executed against defendant's real property to satisfy the judgment.

*Morrison & Peniston, by Dale S. Morrison, for plaintiff-appellees.*

*William D. McNaull, Jr. for defendant-appellant.*

JOHNSON, Judge.

The facts of this case pertinent to this appeal occurred after the monetary judgment was entered against defendant on 12 September 1983. Defendant was served with notice of right to have exemptions designated on 7 October 1983. On 1 August 1984 an order of execution was issued against defendant and was returned unsatisfied on 16 August 1984. A statement was noted thereupon to the effect that neither real property nor personal property owned by defendant was found. A notation dated 17 August 1984 also appears on the face of the instrument stating that a $500.00 check was received on 27 August 1984 as payment on the judgment. No subsequent payments on the judgment were made.

On 10 July 1987 another order of execution was issued which was later amended on 4 December 1987 to correct an error. The 4 December 1987 order of execution was served by levying on and selling defendant's real property located at Rt. 5, Box 196 Marshall Acres Dr., Charlotte, N.C. The closing bid on the property was $31,600.00.

Defendant filed an action on 4 December 1987 against the original plaintiffs, Mecklenburg County Sheriff C. W. Kidd, Louise C. Liles, and Domer Reeves. At the time the 1987 action was instituted, a temporary restraining order enjoining the sheriff from delivering a deed to the property was issued. Defendant sought in his complaint to have the sale of his property declared to be void. Defendant's complaint also contained a motion for a preliminary injunction. The motion was heard and denied at the 14 December 1987 session of court. The court also allowed disbursement of the funds obtained pursuant to the sale, and authorized the sheriff to sign a deed to the property. However, the court specifically enjoined the holder of the deed from alienating the property until a full hearing on the merits could be had.

On 8 March 1988 defendant filed a motion to consolidate the 1981 action which had been brought against him, and the 1987 action which he had originated. When this motion was heard, the 1987 action was dismissed by order entered 25 March 1988. This order of dismissal was subsequently affirmed on appeal by this Court. *Myers v. H. McBride Realty, Inc.*, 93 N.C. App. 689, --- S.E. 2d --- (1989). We note parenthetically that all issues concerning the original 1981 action had been resolved, judgment entered, and no appeal was taken therefrom. Therefore, this motion wherein defendant requested that the 1987 action "be treated as a motion in the cause in the first captioned action [the 1981 action]" is at best puzzling.

On 5 April 1988 defendant filed a motion in the cause requesting essentially the same relief as that requested in the 1987 action. He alleged that the execution sale, confirmed more than 3 months earlier, should be declared void and set aside. Defendant sought to prevent finalization of the execution sale and delivery of title to the purchaser of the property. The grounds for the motion included, *inter alia*, improper notice of right to have exemptions designated; improper satisfaction of judgment from realty as opposed to personalty; and improper notice of the sale.

In its 20 May 1988 order, the court denied defendant's motion in the cause and found that his 1987 action was *res judicata* and that he was not at liberty to pursue a motion in the cause on the issues which were resolved against him in the 1987 action. The court then ordered defendant's counsel to pay plaintiffs' attorney's fees for defending the action as authorized by G.S. sec. 1A-1, Rule 11. From this order defendant appeals.

[1] By his first question for review defendant contends that the trial court erred by refusing to enjoin the sheriff from delivering a deed to the property in question prior to a full hearing on the motion in the cause to set aside the execution sale. We disagree.

In its 20 May 1988 order ruling upon defendant's motion in the cause, the court found as fact the following:

3. In 1987, in Mecklenburg County Superior Court Case 87CVS14566, Gary W. Myers through his attorney, William D. McNaull filed an action as a Plaintiff against H. McBride Realty, Inc., Marlo Investments, Inc., and others seeking the identical relief which he now seeks in the Motion in The Cause.

4. This Court on December 14, 1987 denied Mr. Myers' Application for Preliminary Injunction in the 1987 lawsuit (87CVS14566) and further found that Mr. Myers had failed to show or establish justiciable issues concerning H. McBride Realty, Marlo Investments, Inc., and others.

5. That the 1987 lawsuit (87CVS14566) was dismissed by this Court on March 15, 1988 [order entered 25 March 1988] pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for the complaint failing to state a claim upon which relief could be granted.

. . .

9. That the 1987 action is *res judicata* and Mr. Myers may not file a Motion in The Cause in this action (81CVS3466) when he received an unfavorable ruling in 87CVS14566.

The Court in *Morris v. Perkins*, 6 N.C. App. 562, 566, 170 S.E. 2d 642, 644 (1969), *cert. denied*, 276 N.C. 184 (1970), *quoting Shaw v. Eaves*, 262 N.C. 656, 661, 138 S.E. 2d 520, 525 (1964) stated the following:

'The doctrine of *res judicata* as stated in many cases is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' In order for a judgment to constitute *res judicata* in a subsequent action there must be identity of parties, subject matter, issues and relief demanded, and it is required further that the estoppel be mutual. In order for a party to be barred by the doctrine of *res judicata*, it is necessary not only that he should have had an opportunity for a hearing but also that the identical question must have been considered and determined adversely to him.

(Citations omitted.)

It is clear to us that defendant is forever precluded from raising the issues which he advanced in his motion in the cause. A full and fair determination of these issues was made in the order entered on 25 March 1988 dismissing defendant's 1987 action for failure to state a claim upon which relief may be granted.

In the 1987 action and defendant's motion in the cause there was identity of the parties (some of the parties defendant sued in the 1987 action were not involved in the motion in the cause, but all the parties in the motion in the cause were involved in the 1987 action); the subject matter (the execution sale of defendant's property) was the same; the issues and relief demanded (to have the sale declared null and void and set aside) were also the same; and the estoppel was mutual, since all parties were estopped from further litigating the issues. The dismissal of the 1987 action pursuant to G.S. sec. 1A-1, Rule 12(b)(6) was a complete bar to defendant's subsequent motion in the cause requesting essentially the same relief. A judgment upon demurrer for failure of the complaint to state a claim upon which relief may be granted bars subsequent actions on substantially identical allegations. *Davis v. Anderson Industries*, 266 N.C. 610, 146 S.E. 2d 817 (1966); *Cobb v. Clark*, 4 N.C. App. 230, 166 S.E. 2d 692 (1969).

We therefore hold that the 1987 action was *res judicata* and barred defendant's subsequent motion in the cause. The trial court committed no error in dismissing the motion in the cause.

By his second Assignment of Error defendant contends that the trial court committed reversible error in denying defendant's motion in the cause as a matter of law. Because we have resolved this question in our first analysis, we overrule it without discussion.

[2] Defendant next argues that the trial court erred by ordering his counsel to pay plaintiffs' attorney's fees. We disagree. Although defendant concedes at the outset of his argument that the 1987 action was dismissed pursuant to G.S. sec. 1A-1, Rule 12(b)(6), he contends that the court made this ruling because a motion in the cause, not the institution of a separate action, was the proper vehicle for challenging the court's original ruling. He thus submits that he filed the motion in the cause pursuant to the court's directive and with its authorization and should therefore be insulated from sanction.

We have before us nothing in the record to indicate that this was the basis of the court's ruling. Defendant even recognizes that the "[r]ecord does not so reflect." We therefore evaluate the sanction of payment of attorney's fees in light of the evidence in the record.

G.S. sec. 1A-1, Rule 11 (1988 Cum. Supp.) provides, in part, the following:

H. McBRIDE REALTY, INC. v. MYERS

[94 N.C. App. 511 (1989)]

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of an existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred . . . including a reasonable attorney's fee.

Appellate review of sanctions imposed pursuant to this rule appears to be a consideration of "whether the trial court based its decision on the relevant factors before it and whether the judgment was clearly erroneous." *Turner v. Duke University*, 91 N.C. App. 446, 449, 372 S.E. 2d 320, 323 (1988), *citing Westmoreland v. CBS, Inc.*, 770 F. 2d 1168 (D.C. Cir. 1985).

In its order of 20 May 1988 ruling upon defendant's motion in the cause, the trial court found as a fact that defendant's counsel had raised nonjusticiable issues in the motion in the cause, and had failed to make a reasonable inquiry as required by G.S. sec. 1A-1, Rule 11 before filing the motion. The court then ordered defendant's attorney to pay $187.50 to plaintiffs' counsel.

Defendant's only argument to support his claim that the Rule 11 sanction was erroneously entered is a contention, having absolutely no support in the record, that the trial court directed him to file the motion in the cause after dismissing his 1987 action. In the absence of record evidence, we cannot entertain defendant's theory.

The record does show that there was no appeal taken from the original action in which the execution sale and distribution of the proceeds were allowed. The record also reflects that the 1987 action was dismissed pursuant to a 12(b)(6) motion. The motion in the cause contained essentially the same allegations and demanded essentially the identical relief as that demanded in the 1987 action which was dismissed in a final order entered by the

trial court. In spite of this dismissal, defendant filed a motion in the cause which was in all substantial respects the same action which had been dismissed.

In light of the aforementioned facts, we cannot find that the trial court's judgment was erroneous. The relevant factors noted above constituted adequate grounds for imposing Rule 11 sanctions. Therefore, the order is

Affirmed.

Judges ARNOLD and PHILLIPS concur.