HAZEL R. OGLESBY v. S. E. NICHOLS, INC. BY RICHARD NOECKER, REGISTERED AGENT

No. 903SC221

(Filed 19 February 1991)

1. **Negligence § 47 (NCI3d)— violation of State Building Code— absence of knowledge—no negligence per se**

     Defendant store owner could not be found negligent per se for a State Building Code violation where plaintiff failed to show that defendant knew or should have known of the possible Code violation.

     **Am Jur 2d, Premises Liability § 53.**

2. **Negligence § 57.11 (NCI3d)— fall on curb at store entrance— insufficient forecast of negligence**

     Plaintiff invitee's forecast of evidence was insufficient to establish actionable negligence by defendant store owner in plaintiff's action to recover for injuries sustained when she

OGLESBY v. S. E. NICHOLS, INC.

[101 N.C. App. 676 (1991)]

slipped and fell as she stepped onto a curb joining the parking lot and sidewalk at the entrance to defendant's store where plaintiff's deposition tended to show that she had previously visited defendant's store; she had no difficulty seeing the sidewalk and the store entrance; she did not see any slippery or foreign material where she fell; and she had no idea what caused her to fall.

**Am Jur 2d, Premises Liability § 650.**

**Liability of operator of business premises to patron injured by condition of adjacent property. 39 ALR3d 579.**

3. **Rules of Civil Procedure § 56.5 (NCI3d) — summary judgment — denial of motion for findings**

The trial court properly denied plaintiff's motion for findings of fact and conclusions of law in deciding a motion for summary judgment.

**Am Jur 2d, Summary Judgment § 26.**

4. **Rules of Civil Procedure § 11 (NCI3d) — summary judgment — motion for findings and conclusions — sanctions against attorney**

The trial court did not err in requiring plaintiff's counsel to pay $500.00 in attorney fees as a Rule 11(a) sanction for signing and filing a motion requesting findings of fact and conclusions of law under Rule 52(a) following the court's allowance of defendant's motion for summary judgment since plaintiff's counsel should have known that Rule 52(a) does not apply when summary judgment is involved.

**Am Jur 2d, Damages § 616.**

APPEAL by plaintiff from judgment entered 14 November 1989 by *Judge William C. Griffin, Jr.* in PITT County Superior Court. Heard in the Court of Appeals 11 December 1990.

Plaintiff slipped and fell, sustaining an injury, at the entrance of defendant's store on 13 September 1985 at 8:00 p.m. The day was fair, clear, and without rainfall. Plaintiff was familiar with the premises and testified at deposition that she had no difficulty seeing the store's entrance. As she stepped onto a curb cut joining the parking lot and sidewalk, her left foot slipped from under her and she fell.

Plaintiff testified she had no idea what caused her fall. She did not see any slippery or foreign material on the sidewalk before falling that might have made her foot slip. During her deposition she testified she knew of no defects in design or construction of the premises, or of anything that an inspection would have revealed. The trial court granted defendant's motion for summary judgment. Plaintiff's counsel then made a motion for findings of fact and was sanctioned for doing so by the trial court. From this judgment plaintiff appeals.

*Hugh D. Cox for plaintiff-appellant.*

*Rodman, Holscher, Francisco & Peck, P.A., by Edward N. Rodman, for defendant-appellee.*

ARNOLD, Judge.

Plaintiff alleges the trial court erred in granting defendant's motion for summary judgment. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c); *Stoltz v. Burton*, 69 N.C. App. 231, 316 S.E.2d 646 (1984). "Summary judgment is proper even in a negligence case where the forecast of evidence fails to show defendant's negligence or establishes plaintiff's contributory negligence as a matter of law or where it is established that defendant's alleged negligence was not the proximate cause of plaintiff's injury." *Bailey v. Jack Pickard Imports, Inc.*, 93 N.C. App. 506, 507, 378 S.E.2d 193, 193 (1989).

Plaintiff alleged in her complaint that defendant's premises were in noncompliance with recognized standards for construction, design, and safety. An unverified letter from an architect to plaintiff's counsel listed violations of the State Building Code. "The violation of a statute which imposes a duty upon the defendant in order to promote the safety of others, including the plaintiff, is negligence *per se*, unless the statute, itself, otherwise provides, and such negligence is actionable if it is the proximate cause of injury to the plaintiff." *Ratliff v. Duke Power Co.*, 268 N.C. 605, 610, 151 S.E.2d 641, 645 (1966).

**OGLESBY v. S. E. NICHOLS, INC.**

[101 N.C. App. 676 (1991)]

[1]   A building's owner may not be found negligent *per se* for a Code violation "unless: (1) the owner knew or should have known of the Code violation; (2) the owner failed to take reasonable steps to remedy the violation; and (3) the violation proximately caused injury or damage." *Lamm v. Bissette Realty, Inc.*, 327 N.C. 412, 415, 395 S.E.2d 112, 114 (1990). Plaintiff made no showing that defendant knew or should have known of the possible Code violation, therefore defendant may not be found negligent *per se.*

To survive defendant's motion for summary judgment, plaintiff must allege a *prima facie* case of negligence. Plaintiff must show that "defendant owed [her] a duty of care; defendant's conduct breached that duty; the breach was the actual and proximate cause of [her] injury; and damages resulted from the injury." *Lamm v. Bissette Realty, Inc.*, 94 N.C. App. 145, 146, 379 S.E.2d 719, 721 (1989), *modified and aff'd*, 327 N.C. 412, 395 S.E.2d 112 (1990).

Plaintiff was entering defendant's place of business to make a purchase from defendant, and therefore occupied the status of an invitee. *Morgan v. Great Atlantic & Pac. Tea Co.*, 266 N.C. 221, 145 S.E.2d 877 (1966). A storekeeper owes business invitees the duty to exercise reasonable care in maintaining the approaches and entrances to his store in a reasonably safe condition and to warn customers of any unsafe condition or hidden danger of which he knows or should have known in the exercise of reasonable supervision. *Frendlich v. Vaughan's Foods of Henderson, Inc.*, 64 N.C. App. 332, 307 S.E.2d 412 (1983).

[2]   Plaintiff's testimony in the deposition established several key points: (1) she had previously visited defendant's store; (2) she had no difficulty seeing the entranceway and sidewalk; (3) she did not see any slippery or foreign material where she fell; (4) she knew of no design or construction defects of the premises; and (5) she had "no idea" why she fell. "The doctrine of *res ipsa loquitur* has no application to a case in which recovery is sought for injuries received in a fall upon or from the entryway of a shop or store." *Garner v. Atlantic Greyhound Corp.*, 250 N.C. 151, 155, 108 S.E.2d 461, 464 (1959). A storekeeper is not an insurer of his customers' safety and is only liable for injuries which result from negligence on his part. *Frendlich*, 64 N.C. App. 332, 307 S.E.2d 412.

"As a general rule, issues of negligence are not susceptible of summary adjudication." *Jacobson v. J.C. Penney Co., Inc.*, 40 N.C. App. 551, 557, 253 S.E.2d 293, 295, *disc. review denied*, 297

OGLESBY v. S. E. NICHOLS, INC.

[101 N.C. App. 676 (1991)]

N.C. 454, 256 S.E.2d 807 (1979). But taking all of plaintiff's allegations as true, plaintiff's forecast of evidence failed to establish actionable negligence on defendant's part. We find no error in the trial court's grant of summary judgment for defendant.

[3] Plaintiff next alleges the trial court erred in denying her motion under N.C.R. Civ. P. 52(a) for findings of fact and conclusions of law. Rule 52(a)(1) provides that it is applicable "[i]n all actions *tried upon the facts* . . . ." N.C.R. Civ. P. 52(a) (emphasis added). "A motion for summary judgment is not an action tried upon the facts since this motion can only lie where there is no necessity for trying the action upon the facts." *Garrison v. Blakeney*, 37 N.C. App. 73, 76, 246 S.E.2d 144, 146, *cert. denied*, 295 N.C. 646, 248 S.E.2d 251 (1978).

This rule does not require the trial court to make findings of fact when requested by a party in deciding a motion for summary judgment. *Id.* "The making of additional specific findings and separate conclusions on a motion for summary judgment is ill advised since it would carry an unwarranted implication that a fact question was presented." *Id.*, at 77, 246 S.E.2d at 146-47 (quoting *General Teamsters, Chauffeurs and Helpers Union, Local No. 782 of Maywood and Vicinity, of Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Blue Cab Co.*, 353 F.2d 687, 689 (7th Cir. 1965) ). Plaintiff's assignment of error is without merit.

[4] In plaintiff's third assignment of error, she alleges the trial court erred in finding a violation of N.C.R. Civ. P. 11(a) and levying a $500.00 sanction of attorney's fees against plaintiff's counsel. The standard under Rule 11(a) is objective reasonableness under the circumstances. *Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706 (1989).

The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold

the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Id.,* at 165, 381 S.E.2d at 714.

Plaintiff's counsel signed the motion requesting findings of fact and conclusions of law under Rule 52(a) following the grant of summary judgment. This signature was a certificate that he had read the motion and "that to the best of his knowledge, information, and belief formed after reasonable inquiry it [was] well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, . . . ." N.C.R. Civ. P. 11(a). A brief examination of the annotations following Rule 52 in the General Statutes would have shown that the rule does not apply when summary judgment is involved.

The trial court found as a fact that there was no showing or good faith argument for the extension, modification or reversal of existing law. Additional findings clearly show the motion was unwarranted and a violation of Rule 11(a). These findings support the trial court's conclusions of law requiring plaintiff's counsel to pay expenses incurred by defendant's attorney in responding to this motion.

An abuse of discretion standard is to be used when reviewing the appropriateness of the sanction imposed. *Turner,* 325 N.C. 152, 381 S.E.2d 706. The trial court ordered plaintiff's counsel to pay $500.00 to the clerk of superior court for the use and benefit of defendant's counsel. We conclude the trial court did not abuse its discretion in imposing this particular sanction. We have considered plaintiff's final issue on appeal and find it to be without merit.

The trial court's entry of summary judgment and its order imposing a sanction for violation of Rule 11(a) are affirmed.

Affirmed.

Judges JOHNSON and LEWIS concur.