**JERRY BAYNE, INC. v. SKYLAND INDUSTRIES, INC.**

[108 N.C. App. 209 (1992)]

———————

JERRY BAYNE, INC., Plaintiff v. SKYLAND INDUSTRIES, INC., and S. WADE HALL, SAUNDRA D. HALL, A/K/A TOUR-O-TEL OF ASHEVILLE, INC., Defendants

No. 9129SC1174

(Filed 15 December 1992)

**1. Rules of Civil Procedure § 11 (NCI3d)— Rule 11 sanctions— trial court's refusal to enter—no abuse of discretion**

The trial court did not err by refusing to enter judgment for sanctions against defendant pursuant to N.C.G.S. § 1A-1, Rule 11 where plaintiff was a masonry subcontractor on a

JERRY BAYNE, INC. v. SKYLAND INDUSTRIES, INC.

[108 N.C. App. 209 (1992)]

shopping center project; defendant Skyland Industries was the contractor; defendant Skyland approved plaintiff's final invoice; Skyland filed suit against the owners of the project for its final invoices; the owners' answer contained broad attacks on the quality of the work but did not provide specific objections; plaintiff filed suit against Skyland; Skyland's answer denied the complaint and stated that the owners had raised broad allegations that the work failed to meet contract requirements; and plaintiff contended that Skyland would have ascertained that the owners' objection was meritless if it had conducted a reasonable inquiry prior to filing the answer and that the answer had been interposed for the improper purpose of avoiding or delaying payment. Defendant's actions comply with an objective standard of reasonable inquiry in that it was reasonable for Skyland to assume there was some validity to the assertions contained in the owners' answer, as the owners might have discovered problems with the masonry work which went undetected by Skyland. At this early stage in the proceedings, Skyland was not required to undertake discovery to determine the merit of the owners' claim and objections.

**Am Jur 2d, Pleading §§ 211-213, 339.**

**Comment Note—General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 95 ALR Fed. 107.**

2. **Rules of Civil Procedure § 11 (NCI3d)— Rule 11 sanctions— improper purpose in denying allegations—motion denied—no abuse of discretion**

The trial court did not abuse its discretion by denying plaintiff's motion for sanctions under N.C.G.S. § 1A-1, Rule 11 where plaintiff was a subcontractor to defendant Skyland; Skyland's final invoices were not paid by the project owner; Skyland brought an action against the owner; the owner's answer contained broad attacks on the quality of the work; plaintiff brought an action against Skyland for its final invoice; Skyland in its answer denied that plaintiff had substantially and fully performed its obligations because the owner had raised allegations about the quality of work on the project; and plaintiff contended that Skyland denied satisfaction with plaintiff's work in an attempt to delay payment or to force compliance with a proposed payment schedule.

**JERRY BAYNE, INC. v. SKYLAND INDUSTRIES, INC.**

[108 N.C. App. 209 (1992)]

**Am Jur 2d, Pleading §§ 211-213, 339.**

**Comment Note—General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 95 ALR Fed. 107.**

Judge WYNN concurring.

Judge GREENE dissenting.

Appeal by plaintiff from order entered 16 July 1991 by Judge C. Walter Allen in Henderson County Superior Court. Heard in the Court of Appeals 23 October 1992.

Skyland Industries, Inc. ("Skyland") was the general contractor on a shopping center project in Buncombe County called Merrimon Square. Skyland hired Jerry Bayne, Inc. ("Bayne") to perform masonry subcontracting work on the project. The subcontract required that final payment be made to Bayne within 45 days after satisfactory completion of the masonry.

By letter dated 15 February 1990, Ron Firmin, president of Skyland, stated:

Mr. Bayne completed the work satisfactorily and on time. He was very consciencious [sic] about keeping up with the work schedule, and all his work was performed in a professional, workmanlike manner.

Mr. Firmin also approved as "o.k." an invoice from Bayne reciting a final balance due of $15,554.56. Bayne had previously received payments of $135,941.05 from Skyland.

On 9 March 1990 Skyland filed suit against the owners for payment of Skyland's final invoices totalling $261,956.17. The owners' answer contained broad attacks on the quality of the work but did not provide specific objections.

On 12 June 1990 Bayne filed suit against Skyland alleging breach of contract and demanding $15,554.56, the amount of the final invoice to Skyland. Skyland's answer, signed by its attorney Allan P. Root, denied Bayne's complaint, stating that the owner of the project had raised broad allegations that the work at Merrimon Square failed to meet the requirements of the contract documents. Thereafter, Skyland served an interrogatory on the owners requesting that they identify any objections they had to the work

of plaintiff Bayne on the Merrimon Square project. In response, the owners stated that they objected to the quality of Bayne's work because the bricks used at Merrimon Square had not been cleaned properly. Skyland subsequently deposed the principal owner, who again took exception to the condition of the bricks.

Despite the owner's testimony that Bayne's masonry work was unacceptable, Skyland elected to repudiate these objections and offered judgment to Bayne in the full amount of Bayne's claim. Bayne rejected this offer and then sought summary judgment for the same amount, which was granted. Bayne also filed a motion for sanctions against Skyland and its attorney pursuant to Rule 11, N.C. Rules of Civil Procedure. From the denial of this motion, plaintiff now appeals.

*Safran Law Offices, by Perry R. Safran for plaintiff appellant.*

*Roberts, Stevens & Cogburn, P.A., by Allan P. Root for defendant appellee.*

WALKER, Judge.

[1] Plaintiff assigns as error the trial court's refusal to enter judgment for sanctions against defendant pursuant to Rule 11 on the ground that the evidence established as a matter of law that defendant's actions violated this rule. Specifically, plaintiff argues Rule 11 was violated because: (1) the answer filed by Skyland's attorney Allan P. Root was neither formed after reasonable inquiry nor well-grounded in fact, was not legally justifiable, and failed to satisfy the objective reasonableness standard; and (2) Skyland's answer was interposed for the improper purpose of delaying litigation while a related suit was pending.

Plaintiff contends that both the 15 February 1990 letter by Ron Firmin and Mr. Firmin's approval of Bayne's final invoice represent Skyland's satisfaction with plaintiff's work. Furthermore, plaintiff refers to a letter from Skyland's attorney Allan Root and addressed to plaintiff's attorney Perry Safran, in which Mr. Root admits that he is obligated to amend his answer and states that he is "unaware of what worth, if any, there is to [the owner's] statement that the bricks were improperly cleaned." It is plaintiff's position that despite being satisfied with the masonry work, Skyland denied plaintiff's complaint on the basis of a general objection by the owner, and that if Skyland had made reasonable inquiry

JERRY BAYNE, INC. v. SKYLAND INDUSTRIES, INC.

[108 N.C. App. 209 (1992)]

concerning this objection prior to filing its answer it would have ascertained that this objection was unfounded and meritless, as Skyland subsequently did determine.

Additionally, plaintiff asserts that Skyland's answer was interposed for an improper purpose and was "a blatant attempt to avoid or delay payment, admittedly due and owing to Bayne, before the resolution of the suit by Skyland against the Owners." Plaintiff again refers to the letter from Mr. Root to Mr. Safran, in which Mr. Root states that Skyland is in poor financial shape and that he is trying to arrange interim payment schedules with the Merrimon Square subcontractors until money is collected from the owners. Mr. Root then offers "payments of $300 per month starting in January 1991 to begin working down the money due Bayne." Plaintiff thereby seems to argue that Skyland's answer denied satisfaction with plaintiff's masonry work in an attempt to force it to comply with Skyland's proposed payment schedule.

We note at the outset that a trial court's decision to impose or not to impose sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. *Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706 (1989). *See also Oglesby v. S.E. Nichols, Inc.*, 101 N.C.App. 676, 401 S.E.2d 92, *disc. review denied*, 329 N.C. 270, 407 S.E.2d 839 (1991). Pursuant to this standard of review, the appellate court must determine (1) whether the trial court's conclusions of law support its determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the evidence is sufficient to support the court's findings of fact. *Id.* If the appellate court answers all three questions affirmatively, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under Rule 11. *Id.* In the instant case, the trial court concluded:

1. That Defendant Skyland Industries, Inc. and its counsel acted reasonably, diligently and in good faith in filing their answer denying Plaintiff's complaint while investigating the Owners' objections to the project.

2. That Defendant Skyland Industries, Inc. and its counsel acted reasonably, diligently and in good faith in investigating the Plaintiff's claim and the owner's objections in this matter.

3. That the Defendant Skyland Industries, Inc. and its counsel fulfilled their obligation to abandon their defenses to

Plaintiff's complaint upon discovering evidence that led them to believe the defense was meritless.

4. The Defendant Skyland Industries, Inc. and its counsel have met the obligations placed upon them by Rule 11 of the North Carolina Rules of Civil Procedure.

Thereafter, the court rendered judgment denying plaintiff's motion for sanctions against defendant Skyland. We find that these conclusions support the trial court's determination and are amply supported by the findings of fact and the underlying evidence.

N.C.G.S. § 1A-1, Rule 11(a) sets forth a three prong test in which the signer certifies that the pleading is (1) well grounded in fact; (2) warranted by existing law, "or a good faith argument for the extension, modification, or reversal of existing law" (legal sufficiency); and (3) not interposed for any improper purpose. Compliance with the first two prongs of this rule requires the signer to certify "that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law." In this regard, our Supreme Court has interpreted the term "reasonable inquiry" and determined that "[i]f, given the knowledge and information which can be imputed to a party, a reasonable person under the same or similar circumstances would have terminated his or her inquiry and formed the belief that the claim was warranted under existing law, then the party's inquiry will be deemed objectively reasonable." *Bryson v. Sullivan*, 330 N.C. 644, 661-662, 412 S.E.2d 327, 336 (1992).

Here, defendant Skyland's answer denied plaintiff's allegations that plaintiff substantially and fully performed its contractual obligations thereby entitling it to payment, because "in a related lawsuit the owner of the project has raised broad allegations concerning the failure of the work at Merrimon Square to meet the requirements of the contract documents." The trial court found, and the record indicates, that on 9 March 1990 Skyland filed suit against the owners of Merrimon Square for failure to pay Skyland's final invoices. There was evidence that Skyland served interrogatories upon the owners with the summonses and complaints, requesting them to identify any claimed setoffs to the amounts owed Skyland and to identify any objections. Subsequently, the owners filed their answer to Skyland's complaint which contained broad attacks on the quality of the work performed but failed to provide any specific

objections. According to Mr. Root's affidavit, the owners' answers to Skyland's interrogatories provided no more specificity.

On 12 June 1990, plaintiff Bayne filed the present lawsuit. In response to the owners' objections to the quality of the work at Merrimon Square, Skyland undertook discovery to ascertain the owners' specific objections. Specifically, Skyland submitted an interrogatory requesting the owners to identify any objections they had to any of the work of plaintiff Bayne on the Merrimon Square project. At the time defendant Skyland was required to file its answer, it was aware that the owners were objecting to the quality of the work at Merrimon Square, however, it had not yet ascertained their specific objections.

Our Supreme Court has held that when determining whether a pleading is warranted under existing law, "reference should be made to the document itself, and the reasonableness of the belief that it is warranted by existing law should be judged as of the time the document was signed." *Bryson v. Sullivan* at 656, 412 S.E.2d at 333. In the instant case, the owners' expressed their dissatisfaction with the work performed on the Merrimon Square project in their 17 May 1990 answer. Skyland was aware of the general objections but had not been able to determine any specific problems. In light of these objections, Skyland could not then admit that plaintiff's work was satisfactory or that the amount claimed was due and payable. Despite a previous statement that plaintiff's work was satisfactory, it was reasonable for Skyland to assume there was some validity to the assertions contained in the owners' answer, as the owners might have discovered problems with the masonry work which went undetected by Skyland. At this early stage in the pleadings, Skyland was not required to undertake discovery to determine the merit of the owners' claim and objections. We find that defendant's actions comply with an objective standard of reasonable inquiry such that its answer satisfied the factual and legal sufficiency prongs of Rule 11 at the time it was signed.

[2] With regard to plaintiff's second argument, we note that although plaintiff's motion for sanctions does not define the alleged improper purpose with specificity, it cites the rule's requirement that a pleading must not be "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Plaintiff subsequently argues in its brief

JERRY BAYNE, INC. v. SKYLAND INDUSTRIES, INC.

[108 N.C. App. 209 (1992)]

that "Skyland, facing a precarious financial situation and an uncertain pending suit against the Owners, was forced to utilize a legally unjustifiable defense in an effort to delay the action by [plaintiff] for payment already admittedly owed. This bad faith delay resulted in [plaintiff] finally receiving Summary Judgment."

Whether or not a motion, pleading, or other paper has been utilized for an improper purpose must be determined pursuant to an objective standard. *Bryson v. Sullivan, supra.* Having reviewed the record, however, we find no evidentiary support for plaintiff's contention that Skyland's answer denied satisfaction with plaintiff's work in an attempt to delay payment owed or to force plaintiff's compliance with Skyland's proposed payment schedule. Instead, Skyland and its attorney appear to have taken all reasonable steps to insure the accuracy and the viability of its claims. Upon considering the owners' interrogatory response and deposition testimony, Skyland concluded that there were no valid grounds for objection to plaintiff's work and offered judgment to plaintiff in the full amount of the claim plus interest. Plaintiff chose not to accept this offer, however, and pursued a remedy in court in the form of a summary judgment motion for the identical amount initially offered by Skyland. Any needless increase in the cost of litigation therefore directly resulted from plaintiff's own actions, and plaintiff has failed to show that Skyland's actions were taken in an attempt to delay payment owed to plaintiff or for some other improper purpose.

Having reviewed the record, we conclude that the trial court based its decision on the relevant factors before it and did not abuse its discretion in denying plaintiff's motion for sanctions under Rule 11. *See H. McBride Realty, Inc. v. Myers*, 94 N.C.App. 511, 380 S.E.2d 586 (1989). Further, defendants' motion to strike plaintiff's reply brief is hereby denied.

Affirmed.

Judge GREENE dissents.

Judge WYNN concurs by separate opinion.

Judge GREENE dissenting.

I disagree with the majority that Skyland's denials, in its answer, of certain allegations of the complaint were based on reasonable

**JERRY BAYNE, INC. v. SKYLAND INDUSTRIES, INC.**

[108 N.C. App. 209 (1992)]

inquiries, as required by Rule 11. The relevant allegations in the complaint are:

> 10. . . . all of Bayne's work was performed in a professional, and workmanlike manner. . . .
>
> . . . .
>
> 12. Bayne substantially performed all its obligations under the contract.

Skyland answered in relevant part as follows:

> 10. . . . the allegations of paragraph 10 of Plaintiff's complaint are denied . . . .
>
> . . . .
>
> 12. As in a related lawsuit, the owner of the project has raised broad allegations concerning the failure of the work at Merrimon Square to meet the requirements of the contract documents and has refused to pay the Bayne invoice date December 9, 1989, this defendant denies the allegations of paragraph 12 of plaintiff's complaint.

The issue presented is whether Skyland made a reasonable inquiry into the facts *prior to* denying the allegations in paragraphs 10 and 12 of the complaint. If not, Skyland's answer was signed in violation of Rule 11, and some sanction must be imposed. Gregory P. Joseph, *Sanctions, The Federal Law of Litigation Abuse* § 7(B) (1989) (hereinafter *Joseph*) (inquiry must precede the signing, as a pleading "may not be signed first and the basis investigated thereafter"); *Turner v. Duke Univ.*, 325 N.C. 152, 171, 381 S.E.2d 706, 717 (1989) (sanctions clause of Rule 11(a) is mandatory). The adequacy of a pre-signing investigation must be judged under a standard of objective reasonableness. *Turner*, 325 N.C. at 164, 381 S.E.2d at 713. Some factors recognized as relevant to a determination of whether the inquiry is reasonable include: (1) the amount of time available to investigate the facts; (2) the complexity of the factual issues in question; (3) the extent to which the investigation is feasible; (4) the extent to which pertinent facts are available to the signer; (5) the resources reasonably available to the signer to devote to the inquiry; and (6) the extent to which the signer was on notice that further inquiry might be appropriate. *Joseph* at § 8(A).

JERRY BAYNE, INC. v. SKYLAND INDUSTRIES, INC.

[108 N.C. App. 209 (1992)]

At the time its answer was signed, Skyland, through its president, had previously executed a "note of affirmation" certifying that the work completed by plaintiff was satisfactory and timely. Skyland also was aware at the time its answer was signed that the owner of the land had some "general objections" to the quality of the work at the shopping center project, however, Skyland did not know whether any of those objections involved the masonry work completed by plaintiff. Under Rule 11, Skyland's knowledge of the owner's general objections to the quality of work at the construction project cannot serve as a proper basis for its denial of plaintiff's allegations that plaintiff performed its work in a professional and workmanlike manner and substantially performed all of its obligations under the contract. Rather, particularly in light of Skyland's previous certification of plaintiff's work as satisfactory, such information should have put Skyland on notice that further inquiry was necessary in order to determine the veracity of plaintiff's allegations regarding its compliance with the masonry contract. Furthermore, the record indicates that the masonry work in question was readily available for inspection by Skyland, and the amount of time and resources necessary to make such additional investigation was not unreasonable or burdensome. The fact that Skyland made inquiries regarding the quality of plaintiff's work *after* signing and filing its answer is immaterial, as a violation of Rule 11 is complete when the paper is signed. *Bryson v. Sullivan*, 330 N.C. 644, 656, 412 S.E.2d 327, 333 (1992). Thus, the trial court's conclusion that Skyland and its counsel "acted reasonably" is not supported by the court's finding that, at the time Skyland filed its answer, Skyland "had not yet ascertained from the Owners their specific objections to the work at the shopping center project," and therefore cannot serve as a proper basis for the court's denial of plaintiff's motion for sanctions. In fact, the court's finding supports the opposite conclusion.

Accordingly, I would reverse the order of the trial judge denying plaintiff's motion for sanctions and remand for an appropriate entry of sanctions.

Judge WYNN concurring by separate opinion.

I concur with the majority opinion and write separately to add that in determining whether a reasonable inquiry has been conducted for purposes of Rule 11, the time constraints for filing a pleading should be considered. Here, the responsive pleading

filed by the defendant was required to be timely filed in accordance with Rule 12 of the Rules of Civil Procedure, which generally requires the defendant to serve his answer within 30 days from the service of the summons and complaint upon him. Even with the extension of 30 days allowed by the court in this case, the defendant has met the "reasonable inquiry" requirement of Rule 11. There is, in my opinion, no evidence that the investigative efforts suggested by the dissent could have been conducted within the applicable time constraints placed upon the defendant.